## WILSON *v.* CORBIER *et als.*

No law authorizes a Recorder or Clerk of a county to record a copy of a deed in the Spanish language so as to make it evidence, without further proof.

The fact that a party had cattle on the land, or was there for short periods himself, or that he claimed within given limits, is, in the absence of any inclosure or some visible physical signs of the extent of his boundaries or claim, insufficient to show the fact of possession of any particular tract, when others were also in possession.

APPEAL from the Fifteenth District.

Ejectment for a tract of land, being a part of the Jimeno Grant, in Colusa County. Plaintiff, in deraigning title from Jimeno, offered and read in evidence a copy of the grant, with translation attached. Next, he offered a book from the Recorder's office of Colusa County, and asked to read therefrom, what purported to be a copy, in the Spanish language, of a deed from Jimeno to Larkin and Missroon, executed in 1847. To the introduction of which defendants objected, on various grounds, but mainly that the deed, as recorded in said book, purported to be a copy; that there was no proof of the execution of an original, and that the original did not appear to have been properly acknowledged, or proved and certified. Plaintiff then proved that he had made search for the original deed, without success. The Court ruled out the deed, and plaintiff excepted.

The Court below nonsuited the plaintiff, on the ground that he had failed to show any title or any possession by himself or his grantors, either actual or constructive, prior to the possession of defendants. Plaintiff appeals.

*Sanders & Edwards,* for Appellant.

The law does not impose on the holder of a conveyance, from a Mexican to an American, the necessity of proving the existence of an instrument made in the Mexican language, or its

acknowledgment according to the forms of our law. Before the conquest, or organization of the State Government of California, such papers prove themselves, and the circumstance of the record is sufficient evidence of their existence. The circumstance of the instrument being in the Spanish language is no objection; rather a support of our position of its antiquity. Our law authorizes the employment of an Interpreter, or his appointment when required. An *ex parte* interpretation would be rejected.

*Belcher & Belcher*, for Respondents.

To support ejectment, title or prior possession must be shown. (*Treadwell* v. *Payne*, 5 Cal. 310; *Wadsworth* v. *Fulton*, 1 Id. 295.) Prior possession is sufficient to maintain ejectment, but it must be an actual *bona fide* occupation, a *possessio pedis*. That the cattle of the claimant, or those through whom he claims, have roamed over and grazed upon portions of a large tract is not sufficient. (*Plum* v. *Seward*, 4 Cal. 94; *Murphy* v. *Wallingford*, 6 Id. 648; *Suñol* v. *Hepburn*, 1 Id. 255.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The plaintiff failed to deraign title. The deed from Jimeno to Larkin and Missroon was not proven. The deed was executed in 1847, and made a record in the office of Colton, Alcalde of Monterey. A copy in the Spanish language appears to be on the records of Colusa County. But we know no law which authorized the Recorder or Clerk of Colusa to record this copy so as to make it evidence, without further proof. This throws on the plaintiff the burden of showing a *possessio pedis* in himself, or in some predecessor through whom he deduces title. But we see no such evidence in the record. Though some evidence exists of his predecessor, Missroon, being on the premises, yet we see no sufficient proof of any distinct or exclusive possession on his part of any given quantity of land. The fact that he had cattle on the land, or was there for short periods himself, or that he claimed within given limits is, in the absence of any inclosure, or some visible physical signs of the extent of its boundaries or claim insufficient to show the fact of possession of any par-

ticular tract, when others were also in possession. We think that this qualified and equivocal possession of Missroon, therefore, did not give him a right to sue for the land, as against these defendants, and that his grantees could not maintain this action upon their deed and his possession.

As the nonsuit determines nothing, the plaintiff may proceed, and, under better proof, if he can procure it, try his case anew.

Judgment affirmed.