[S. F. No. 3140.    Department One.—September 8, 1904.]

## ALBERT SCHRODER, JOSHUA COZZENS, and CHARLES HAYES, Appellants, v. ADEN GOLD MINING COMPANY, Respondent.

MINING CLAIMS—QUIETING TITLE—LOCATION OF CLAIM—BURDEN OF PROOF—CONFLICTING EVIDENCE—SUPPORT OF FINDING.—In an action to quiet title to a mining claim, the location of which was claimed to include the mining ground in controversy, the burden is upon the plaintiffs to prove that the location of the original monuments of their claim included such ground, and where the evidence is substantially conflicting on that question, a finding against the plaintiffs thereon will not be disturbed upon appeal.

ID.—FAILURE OF PLAINTIFF'S TITLE—RIGHTS OF DEFENDANT—IMMATERIAL INQUIRY.—In an ordinary action to quiet title not involving a contest in the United States land office, the plaintiff must recover, if at all, upon the strength of his own title; and if it be shown and found that he has no title, it becomes immaterial to inquire into the rights of the defendant, or as to whether he had failed to prove that the original locators of his claims were qualified, or that he had properly marked the boundaries of his claims by monuments.

APPEAL from a judgment of the Superior Court of Mariposa County.    John M. Corcoran, Judge.

The facts are stated in the opinion.

J. J. Trabucco, and C. D. Wright, for Appellants.

Congdon & Congdon, for Respondent.

GRAY, C.—This is an action to determine the right to about seven acres of mining ground situated in Mariposa

County. The defendant, on a trial before the court without a jury obtained a judgment, from which and from an order denying them a new trial the plaintiffs appeal.

The plaintiffs claim the land as a part of the San Antonio mining claim. They endeavored to prove to the satisfaction of the court that the disputed ground was included within the lines of said mining claim as they were originally run and marked with monuments in the field. To this end they called a witness who testified that he had helped to erect the original monuments inclosing the disputed tract, which monuments are numbered 3, 4, and 5 on the plat in evidence. He further testified that the deputy United States surveyor, S. J. Harris, had relocated these monuments. and established new monuments just where the old ones had formerly been. There was also some other evidence tending to corroborate the foregoing. There was also evidence in conflict with it. The original written notice of location of the "San Antonio Mine" was at right angles with this direct testimony as to the location of these three monuments. Furthermore, it was shown that there was no evidence upon the ground, and none seems to have been discovered under the ground, that there was any lead or lode extending in a direction to warrant the placing of the monuments 3, 4, and 5 where they must have been to uphold plaintiffs' contention. On the contrary, it was shown by expert testimony that the lead in all probability continued in the direction indicated by its course, as it could be plainly traced for about one half the length of the claim. This would also make it correspond to the said written notice of location.

The court found in effect that the mine extended in the direction indicated by the lead so far as it could be traced upon the surface, and that its location corresponded with the written notice of location rather than with the evidence as to the location of these three monuments. Appellants attack this finding, and say that the monuments erected in the field should control courses and distances as indicated upon paper. This statement embodies a correct rule many times declared by this court. But in the present case the evidence as to the location of the original monuments was of an unsatisfactory character so far as it related to the three disputed monuments. The surveyor who attempted to relocate these monuments

found no satisfactory evidence upon the ground as to their location, and was compelled to rely upon statements of others as to that matter. A considerable length of time had elapsed pending the original location of the monuments and the subsequent relocation of them. A fire had swept over the country, changing the appearance of things, and making the testimony as to their original location very uncertain. The case presents a conflict of evidence as to the original location of the disputed monuments. It was for the trial court to determine where the preponderance lay. The burden rested upon the plaintiffs to satisfy the court that their contention as to the location of the monuments was correct, and we think that, in view of the uncertain character of plaintiffs' evidence, and the surrounding circumstances in apparent conflict with that evidence, the finding of the court should not be disturbed. This court is warranted in interfering with the findings only when it can be seen that they are contrary to all the evidence, and that there is no substantial evidence in support of them.

The defendant claimed the disputed tract as part of two other mining locations designated by name as the Ernestine and the Menlo. It is urged as additional ground for reversal that defendant failed to prove that the original locators of these claims were citizens or had declared their intention to become citizens of the United States, and hence it was not shown that they were qualified locators. It is also urged that there was no evidence that the locators of defendant's claims marked the boundaries thereof by monuments.

These are matters which do not concern the plaintiffs. When it has been determined that they have no interest in the land in controversy the case is ended. This is in the nature of a suit to quiet title, and in such a case the plaintiff must obtain judgment upon the strength of his own title, and if it be shown that he has no title, it becomes immaterial to inquire into defendant's rights. The case is not a contest in the United States land office, and is to be governed and determined by the practice and rules of pleading governing in the state courts in ordinary suits brought to settle disputes as to interests in land. (*Altoona Q. M. Co.* v. *Integral Q. M. Co.,* 114 Cal. 100.) The want of title in plaintiff renders it unnecessary to examine the title of defendant. (*City and County of*

*San Francisco* v. *Ellis,* 54 Cal. 72; *McGrath* v. *Wallace,* 116 Cal. 548.)

We advise that the judgment and order appealed from be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

                    Van Dyke, J., Shaw, J., Angellotti, J.