[L. A. No. 2990. Department Two.—February 26, 1913.]

ED. A. SEARS, Respondent, v. ELIZABETH H. WILLARD
and C. F. WILLARD, Appellants.

QUIETING TITLE—LAND CONVEYED TO STATE FOR TAXES—HOLDER OF
MERE RIGHT OF REDEMPTION CANNOT MAINTAIN ACTION.—One
having the mere inchoate right to redeem land, the title of which
has been conveyed to the state of California for nonpayment of
taxes, cannot maintain an action to quiet title as against a party
in possession under claim of title.

ID.—PLAINTIFF IN ACTION MUST SHOW TITLE IN HIMSELF.—A plaintiff
in an action to quiet title must fail unless he shows title in himself, and he is not in a position to complain if some one else, even
when that person is also without title, asserts an interest in the
property.

APPEAL from an order of the Superior Court of San Diego County granting a new trial.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellants.

C. H. Rippey, and Charles S. Conner, for Respondent.

MELVIN, J.—Plaintiff sued to quiet title to two lots in Morse's Addition in the city of San Diego.   Defendants answered denying plaintiff's title; setting up their own title by conveyance as well as by open and exclusive possession of the property and payment of the taxes thereon; and pleading the bar of the statute of limitations.   The court found that plaintiff was not the owner of nor entitled to the possession of the land in question; that for more than five years after their entry thereon under a certain tax title pursuant to certificates of sale of said premises, for nonpayment of city taxes for the year 1900, defendants had held exclusive possession of, and had paid all taxes upon, said property; and that plaintiff had not repaid nor offered to repay any of the amounts so expended.   The conclusions of law drawn from said findings were: 1. That it was not necessary to determine the question presented to the court by the plea of the statute of limitations; and 2. That plaintiff was not entitled to take anything by the action, but that the defendants should have their title to the two lots quieted.   A motion for a new trial was made, and this appeal is from the order granting said motion.

Appellants contend that the title is not in the plaintiff; that this fact appears without conflict from evidence introduced by him; and that therefore plaintiff's case absolutely fails because he may only recover if at all, upon the strength of his own title (referring to *Schroder* v. *Aden Gold Mining Co.*, 144 Cal. 630, [78 Pac. 20], and the cases therein cited).

Plaintiff claims title deraigned from one Morse and the validity of Morse's title is conceded, but by plaintiff's own proof it appears that before the commencement of this action the property was sold to the state for taxes and deeded to the state.   Plaintiff concedes that the evidence offered by him does show the title to have been transferred to the state, but

insists that the title of the state is always coupled with the right of redemption by the former owner, which may be exercised at any time before the sale of the property by the state. This right of redemption, he affirms, gives him standing to prosecute this action, and in his brief it is asserted that the testimony shows a redemption by plaintiff of the property from the state just before the commencement of this suit. We have vainly searched the record for any evidence of such redemption. The bill of exceptions before us shows without contradiction that plaintiff introduced in evidence certificates of sale made in 1901 by the tax-collector of the county of San Diego for the property involved in this action for taxes levied for the fiscal years 1900 and 1901, and also two certain deeds of the same lots from the said tax-collector to the state of California. Upon this showing we cannot see how the mere ''inchoate right of redemption,'' as it is called in respondent's brief gives him a right to maintain this action. An action to quiet title must have a more substantial basis than an ''inchoate right,'' especially when, as in this instance, it is prosecuted against persons admittedly in possession of the real property under claim of title. It is true that one whose real property has been sold to the state for nonpayment of taxes is not disturbed in his possession before sale of the land by the state; but the claim to have title quieted must be based upon a complete not an inchoate title. A plaintiff in an action like this must fail unless he shows title in himself, and he is not in a position to complain if some one else, even when that person is also without title, asserts an interest in the property. (*Williams* v. *City of San Pedro et al.*, 153 Cal. 49, [94 Pac. 234].) One seeking to establish his equitable title under an agreement of purchase must show compliance with the said agreement by the tender of the amount therein specified as the price to be paid. (*Pennie* v. *Hildreth*, 81 Cal. 133, [22 Pac. 398].) And it may be said with equal force that one who seeks to establish a legal title in himself may not prevail by showing that the title is not in him, even if he have an unexercised privilege of redemption. We conclude, therefore, that the motion was improperly granted so far as the finding that plaintiff was not the owner of the premises described in the complaint, and the conclusion of law and the judgment based thereon are concerned. It is

unnecessary to consider the motion with reference to the second finding and that part of the judgment based upon it, because it is no concern of the respondent whether error appears therein or not. Having no title himself, he is not in a position to complain. (*Williams* v. *City of San Pedro,* 153 Cal. 49, [94 Pac. 234].)

The order granting a new trial is reversed.

Henshaw, J., and Lorigan, J., concurred.