[L. A. No. 4778. Department One.—February 7, 1919.]

GRACE W. ROCKEY et al., Appellants, v. ANDRE VIEUX et al., Respondents.

APPEAL—ORDER DENYING NEW TRIAL—SECTION 963, CODE-OF CIVIL PRO-CEDURE.—Under section 963 of the Code of Civil Procedure, as amended in 1915, an appeal from an order denying a motion for a new trial is unauthorized.

QUIETING TITLE—EVIDENCE—BURDEN OF PROOF.—In an action to quiet title the plaintiff must show title in himself, and his right to recover must rest on the strength of his own title, instead of the weakness of the defendant's title.

JUDGMENT—DECREE OF DISTRIBUTION—EFFECT OF.—A decree of distribution in the estate of a deceased person made by the superior court sitting in probate is conclusive only as to the rights of heirs, legatees, or devisees, in so far as they claim in such capacities; it merely determines the succession of such title as the decedent may have had—it does not determine that he had any title, nor does it bind third parties who claim an interest adverse to that of the testator or intestate.

ID.—FAILURE TO PROVE TITLE.—In an action to quiet title, where the plaintiffs fail to show that they themselves had any title or interest whatever in the property, or that they had ever been in possession of it, merely offering in evidence a decree of distribution in the estate of a deceased person by which the property in controversy was distributed to them, and not offering any evidence of title in the decedent, they are not aggrieved by a judgment declaring the defendants to be the owners of the property under a tax deed through which the latter deraigned title from the state.

APPEAL from a judgment of the Superior Court of Kern County. M. T. Farmer, Judge. Affirmed.

John F. Poole, for Appellants.

Matthew S. Platz, for Respondents.

SLOSS, J.—This is an action to quiet title to a parcel of land in Kern County. The answer set up title and possession in the defendant Andre Vieux. The court found that said defendant was the owner in fee and in possession of the property, and entered judgment quieting his title against the claims of the plaintiffs. The latter appeal from the

judgment. They also attempted to appeal from an order denying their motion for a new trial, but such appeal was not authorized by the law in force at the time the notice was given. (Code Civ. Proc., sec. 963, amended 1915, [Stats. 1915, p. 209].)

The defendants claimed under a tax deed, and the appellants argue that the tax proceedings were defective and the deed void. But they totally failed to show that they themselves had any title or interest whatever in the property, or that they had ever been in possession of it. Their own evidence consisted simply of a decree of distribution made by the superior court, sitting in probate, in the matter of the estate of one Ferdinand Smith, deceased. By the terms of this decree there was distributed to the plaintiffs, among other property, the land in controversy. There was no attempt, however, to show that Smith, the decedent, had any interest in the land. The plaintiff in an action of this kind must show title in himself. His right to recover must rest on the strength of his own title—not the weakness of defendants'. The appellants contend that the decree of distribution is conclusive. (Code Civ. Proc., sec. 1666.) But it is conclusive only as to the rights of heirs, legatees, or devisees, in so far as they claim in such capacities. (*Chever* v. *Ching Hong Poy*, 82 Cal. 68, [22 Pac. 1081]; *Cooley* v. *Miller & Lux*, 156 Cal. 510, [105 Pac. 981].) It merely determines the succession to such title as the decedent may have had—it does not determine that he had any title. "Nor does it bind third parties who claim an interest adverse to that of the testator or intestate." (*Archer* v. *Harvey*, 164 Cal. 274, 278, [128 Pac. 410, 412], and cases cited.) The effect of the decree here offered was, therefore, no greater than that to be attributed to a deed from Ferdinand Smith to the appellants. Such a deed would not have shown any title in the plaintiffs, unless it formed part of a chain which could be traced back to the government, the paramount source of title, or to some grantor shown to have been in possession of the property. (10 Am. & Eng. Ency. of Law, 2d ed., 484; 15 Cyc. 151.) There was no evidence offered to show that either the plaintiffs or their alleged predecessor had ever been in possession of the property.

Of course, where both parties claim title from a common source, it is not necessary to prove title in the grantor.

(*McGorray* v. *Robinson,* 135 Cal. 312, [67 Pac. 279].)    But
that was not the situation here.    The plaintiffs' claim, as
already stated, was under Ferdinand Smith, while the de-
fendants relied upon a patent from the state of California to
one Craig, and a subsequent tax deed to one Tyler, who had
deeded to the defendants.    There is no need, therefore, to con-
sider whether the tax sale and deed were regular and valid.
The plaintiffs having failed to show either title or possession
in themselves, they "cannot complain that someone else, also
without title, asserts an interest in the land. . . . A defend-
ant in such an action may always effectually resist a decree
against himself, by showing simply that the plaintiff is with-
out title." (*Williams* v. *City of San Pedro,* 153 Cal. 44, 49,
[94 Pac. 234, 236], and cases cited.)    And, having shown
no interest in the land, the plaintiffs are not aggrieved by
a judgment declaring someone else to be the owner.

The appeal from the order denying a new trial is dis-
missed.

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.