[Civ. No. 2511.  Second Appellate District, Division One.—February 13, 1919.]

## C. E. REAL, Respondent, v. COUNTY OF KERN, Appellant.

TAXATION—VOID TAX DEED—CLAIM FOR REFUND OF PURCHASE MONEY—STATUTE OF LIMITATIONS—WHEN TIME FOR FILING BEGINS TO RUN. Where the deed given to the purchaser at a delinquent tax sale is adjudged void, the three-year limitation prescribed by section 3804 of the Political Code within which the purchaser who seeks a refund must file his verified claim with the county treasurer does not begin to run until the court has determined that the purchaser is not entitled to an award of the property purporting to be conveyed by the void deed.

ID.—RIGHTS OF PURCHASER—AMENDMENT OF STATUTE—BY WHAT STATUTE MEASURED.—The rights of the purchaser in such case are to be measured by the statute as it existed when the court adjudged the deed void, unaffected by the fact that the sale was made prior to an amendment of the statute.

APPEAL from a judgment of the Superior Court of Kern County.  Howard A. Peairs, Judge.  Affirmed.

The facts are stated in the opinion of the court.

J. R. Dorsey, District Attorney, for Appellant.

C. E. Arnold and Matthew S. Platz for Respondent.

SHAW, J.—In this action plaintiff sought to recover the sum of $1,440.82, which sum, in addition to accrued taxes, interest, costs, and penalties, he, in January, 1911, paid into the county treasury of Kern County as the purchase price of certain land then sold and conveyed to him by the state, title to which land it claimed to have acquired by reason of delinquency in the payment of taxes thereon for the fiscal year 1904 and proceedings thereafter had and taken pursuant to law.

Thereafter, in December, 1913, an action was instituted involving the validity of the deed so received by plaintiff, wherein it was, in November, 1916, adjudged that said deed was void as a conveyance of title to plaintiff and the same ordered canceled and annulled. In January, 1917, plaintiff, in accordance with the provisions of section 3898 of the Political Code, as amended in 1913, presented to the board of supervisors a duly verified demand and claim for a refund of the amount so paid, which claim the board rejected. Defendant's general demurrer to the complaint, wherein the above facts were set forth, was overruled, and in answering it defendant admitted the same, but alleged that plaintiff did not present his claim within three years after the making of the payment, by reason of which fact the cause of action was barred by the provisions of section 3804 of the Political Code.

The case was submitted without evidence and judgment rendered upon the pleadings for plaintiff, from which defendant appeals.

Subdivision 5, added to section 3898 of the Political Code, by amendment in 1913, among other things provides that if in an action at law the court determines a sale and conveyance by tax deed from the state to a purchaser void, by reason of which fact the property is not awarded to the party to whom the deed is made, "the said purchaser may also present a claim against the county, in the manner provided by law, for a refund of the amount paid in to the county

treasury as the purchase price of such property in excess of the amount for which he may have been reimbursed for taxes, penalties, and costs as herein provided, and such excess shall be refunded in accordance with section 3804 of this code.'' Section 3804 of the Political Code, among other things, provides: ''No order for the refund of taxes, penalties or costs under this section shall be made except upon a verified claim therefor verified by the person who has paid said tax, . . . which said claim must be filed within three years after the making of the payment sought to be refunded.''

Basing its argument upon the two provisions quoted from sections 3898 and 3804, appellant contends: First, that plaintiff having paid the purchase money in 1911, his claim for a refund thereof was not filed within three years, as required by section 3804. Second, that as the purported purchase and conveyance of the land was made to plaintiff by the state in 1911, he cannot avail himself of the act of 1913, since to uphold his right so to do would give the statute a retroactive effect.

As to the first proposition, section 3804 relates to erroneously collected taxes and provides for a refund thereof by the board of supervisors upon the filing of a verified claim therefor at any time within three years after making the erroneous payment sought to be refunded. Under section 3898, however, there can be no claim for a refund of the money paid for the deed until the court adjudges the same void. Not till then can it be said there has been an erroneous payment, to a refund of which the party making it is entitled. Hence, assuming that the words, ''refunded in accordance with section 3804,'' found in section 3898, are to be construed as incorporating therein the provision in the latter section to the effect that the verified claim, in order to be effective, must be filed within three years after making the payment, we are constrained to hold that such limitation as to time does not begin to run until the court has determined that the purchaser is not entitled to an award of the property purporting to be conveyed by a void tax deed. It is apparent that the purpose of the legislature in adopting the amendment embodied in subdivision 5 of section 3898 was to provide a means for the recovery of money to which the state had no legal or equitable right. The validity of tax

deeds has been a fruitful source of litigation, and where such cases, though promptly commenced, are prosecuted to the higher courts, three years rarely suffices for a determination of the question. Hence to hold that the three-year limitation contained in section 3804 begins to run from the date of the execution of such invalid deed, would nullify the intent of the legislature in enacting the provision and deprive an aggrieved party of a right which it was clearly the purpose of the legislature to accord him.

Neither, to our minds, is there any merits in appellant's second proposition. As stated, no right existed in plaintiff as a purchaser of the property to have a refund of the purchase price made until the deed was declared invalid. This was in November, 1916, at which time the statute, without limitation of time in the application thereof, declared a purchaser of land from the state by tax deed entitled to a refund of the money paid therefor *whenever* the court determined such deed void. Plaintiff's rights, notwithstanding the purported conveyance was made prior to the enactment, were to be measured by the statute as it existed when the court adjudged he was not entitled to an award of the property. The subject of the provision is the right accorded at the time of such adjudication, which right was unaffected by the fact that the purported sale was made prior to the amendment.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.