[Civ. No. 3028.   First Appellate District, Division Two.—September 23, 1919.]

J. H. SMITH, Appellant, v. GOLDEN STATE SYNDICATE (a Corporation) et al., Defendants; E. C. LAUX, Intervener and Respondent.

[1] TAX SALES — CONSTRUCTION OF SECTION 3898, POLITICAL CODE — WHEN PROVISIONS APPLICABLE.—The provision of section 3898 of the Political Code providing for the reimbursement of the purchaser at a tax sale whenever it shall be determined in an action at law that such sale and the conveyance are void merely affects the remedy of such purchaser and is intended to apply to all cases after its passage in which the invalidity of a tax title is judicially determined, notwithstanding the sale may have been held prior to the enactment of such law.

[2] ID.—VOID TAX SALE—RIGHT OF PURCHASER TO REIMBURSEMENT—CODE PROVISION POSITIVE — FORM OF PLEADING IMMATERIAL.—In view of the positive provision of section 3898 of the Political Code that no decree shall be made until the purchaser of the tax title shall have been refunded the amount paid for taxes, such relief must be granted to such purchaser in an action by the owner to quiet title to the property, notwithstanding such purchaser, in his complaint in intervention, does not pray for a refund of the amount paid for taxes but, relying on his tax title, alleges that he is the owner in fee simple of the property.

[3] APPEAL — EVIDENCE NOT BROUGHT UP — PRESUMPTION.—Where an appeal is taken on the judgment-roll alone, the appellate court, not knowing what evidence was introduced, nor what objections were made thereto, must presume, in support of the judgment, that evidence supporting the findings of the trial court was properly admitted.

[4] TRIAL—EVIDENCE—ADMISSION WITHOUT OBJECTION—FINDING.—If evidence, not otherwise admissible, is admitted without objection, a finding based thereon is proper.

[5] APPEAL—WAIVER OF OBJECTIONS TO EVIDENCE—PRESUMPTION.—On appeal on the judgment-roll alone, it will be assumed in support of the judgment that all objections to evidence sustaining the findings were waived.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Everett Brown for Appellant.

Ward Chapman and L. M. Chapman for Respondents.

LANGDON, P. J.—This is an action to quiet title to certain real property in the city of Los Angeles. E. C. Laux, the respondent, filed a complaint in intervention, claiming to be the owner of a portion of the land described in plaintiff's complaint. The action was tried and judgment given upon the complaint in intervention of E. C. Laux and the answer thereto of J. H. Smith. The complaint in intervention was in form a suit to quiet title and alleged that the intervener was the owner in fee of the real property therein described. The answer was a denial of the title of the intervener. The court found that the intervener had no right or title to the said property except that he had purchased a tax deed therefor from the city of Los Angeles, and further found that said tax deed was null and void. Judgment was entered against the intervener and in favor of the appellant, but it was provided therein that said judgment should not take effect until payment by the appellant to said intervener of $561.35, the amount of taxes paid by the intervener upon the property. From the portion of the judgment requiring such payment an appeal is taken.

[1]   Section 3898 of the Political Code (subdivision 5) provides: "Whenever, in any action at law, it shall be determined by a court that the sale and conveyance provided for in this and the preceding section are void for any reason and that the purchaser from the state may not be finally awarded the property so purchased, no decree of the court shall be given declaring a forfeiture of the property until the former owner, or other party in interest, shall have repaid to the purchaser the full amount of taxes, penalties and costs paid out and expended by him, to be determined by the court, in pursuit of the state's title to the property so sold." Appellant contends that this subdivision of section 3898 is inapplicable here, because it was added by amendment in 1913 (Stats. 1913, p. 560) and the tax deed under which the intervener claims is dated March 8, 1912. We are of the opinion that this statute merely affects the remedy of the purchaser of a tax title and that it was intended to apply to all cases after its passage in which the invalidity of a tax title was judicially determined. This seems also to have been the view taken of this section by the court in the case of *Real* v. *County of Kern*, 39 Cal. App. 723, [179 Pac. 726], where it is said that notwithstanding the fact that a purported conveyance was made prior to the enactment of this section, the rights of the purchaser of the tax title were to be measured by the statute as it existed when the court adjudged that he was not entitled to an award of the property.

[2]   The other point made by the appellant is that the tax title was not pleaded and that the prayer of the complaint in intervention was not for a refund of the amount paid for taxes. We think there is no merit in this contention. Section 3898 of the Political Code provides positively that no decree shall be made until this relief is granted to the purchaser of a tax title. The intervener alleged that he was the owner in fee simple of the property. In support of that claim, presumably from the findings, he offered evidence of his tax deed. Appellant contends that the evidence support- ing the finding that the amount paid by the intervener does not exceed the total amount of taxes due on said property at the date of the sale was improperly admitted because no issue was made upon this question by the pleadings. [3] The appeal comes to us upon the judgment-roll alone. We do not know what evidence was introduced nor what ob-

jections were made thereto. In support of the judgment we will presume that evidence supporting the findings was properly admitted. **[4]** If evidence, not otherwise admissible, is admitted without objection, a finding based thereon is proper. As was said in the case of *McDougald* v. *Hulet,* 132 Cal., at page 163, [64 Pac. 281]: "Conceding that the pleadings were not sufficient to justify the admission of evidence of the promissory note, it does not appear that any objection was made to such evidence. We must presume that the evidence was received without objection and that it sustains the findings. It cannot be contended that a finding is not within the issues, if no objection was made to the evidence in support of the finding at the trial." (Citing *Horton* v. *Dominguez,* 68 Cal. 642, [10 Pac. 186]; *Moore* v. *Campbell,* 72 Cal. 253, [13 Pac. 689].) **[5]** On appeal on the judgment-roll alone, it will be assumed in support of the judgment that all objections to evidence sustaining the findings were waived. (*Poledori* v. *Newman,* 116 Cal. 375, [48 Pac. 325].)

From the entire record before us, it appears that this judgment is in all respects an equitable one, and the same is affirmed.

Brittain, J., and Nourse, J., concurred.