[Civ. No. 2152.   Third Appellate District.—June 29, 1920.]

HUGH McPHAIL, Respondent, v. A. F. NUNES et al.,
Appellants.

[1] TAXATION—VOID SALE OF PROPERTY AT PUBLIC AUCTION BY STATE
—RIGHT OF REDEMPTION.—Where property has been sold to the
state for delinquent taxes and thereafter sold at public auction,
notwithstanding the tax deed executed and delivered to the pur-
chaser is invalid because of failure to give proper notice of the
sale as required by law, the owner of the property cannot there-
after redeem from the state, the money for the taxes no longer
being due to the state but to the purchaser at the void tax sale.

[2] ID.—QUIETING TITLE—PRIMA FACIE CASE—RIGHT OF DEFENDANTS
TO ATTACK.—In an action to quiet title, where the stipulated and
proven mesne transfers show a record title from the United
States to plaintiff, defendants not in possession of the property,
or any part thereof, and having no title in themselves, cannot
attack the *prima facie* case of ownership made by plaintiff.

[3] ID.—QUIETING TITLE AGAINST VOID TAX DEED—REIMBURSEMENT
OF PURCHASER—REFUSAL OF OFFER—FORM OF JUDGMENT.—In an
action to quiet title as against the holders of a void tax deed,
notwithstanding the plaintiff offered in open court to pay defend-
ants the full amount of taxes, penalties, and costs paid out and
expended by them in pursuit of the state's title to the property,
together with interest thereon, and such offer was refused, under
section 3898 of the Political Code, it is incumbent upon the court
in rendering its judgment in favor of plaintiff to provide that
said judgment shall not take effect until plaintiff has made such
payments.

APPEAL from a judgment of the Superior Court of
Kings County. M. L. Short, Judge. Reversed.

The facts are stated in the opinion of the court.

John G. Covert for Appellants.

Lamberson, Burke & Lamberson for Respondent.

NICOL, P. J., *pro tem.*—This is an action brought by
plaintiff to quiet title to a certain tract of land in Kings
County, California, particularly described as the northeast
quarter of section 3, township 24 south, range 18 east,

Mount Diablo base and meridian, and to have set aside and declared null and void a certain judgment entered in the superior court in Kings County on the tenth day of June, 1909, in the case of *Nunes* v. *Copper et al.* The complaint was filed June 19, 1915.

Defendants answered and in the second amended answer denied that plaintiff was the owner of the lands in question, and denied that the judgment in the case of *Nunes* v. *Copper et al.* was void and of no effect, but admitted that they claimed an interest and ownership in the lands and alleged in that respect that they were the owners of said land.

Defendants as a separate defense alleged: (1) that the sum of $87.12 by them paid for said lands had not been returned to them by plaintiff nor offer made to return the same; (2) that defendants and their immediate predecessors had acquired title by prescription, and (3) that said action was barred by section 318 and subdivision 4 of section 338 of the Code of Civil Procedure.

On issue joined by the pleadings the case came on for trial on March 23, 1916, and the court made and entered its findings and gave judgment for defendants quieting their title to said lands. However, the court found against defendants upon prescriptive title, bar of the statutes, and a certain tax deed under which defendants claimed, but found that the judgment rendered in the case of *Nunes* v. *Copper* on the tenth day of June, 1909, was a valid and subsisting judgment and on this finding entered judgment quieting title in defendants as above stated.

From this judgment plaintiff Hugh McPhail appealed and on the seventh day of November, 1918, this court reversed the judgment of the lower court and remanded the cause. (*McPhail* v. *Nunes*, 38 Cal. App. 557, [177 Pac. 193].) On the second trial judgment was entered in favor of plaintiff and from the judgment so entered defendants have appealed.

As appears from the above statement the court on the first trial held that plaintiff's cause of action was not barred by the provisions of the statute of limitations, and that defendants had no title by virtue of a certain tax deed under which they claimed, but that defendants had title by virtue of the judgment rendered in favor of defendant Nunes in

the case of *Nunes* v. *Copper et al.*, in which action service of summons was made by publication, and which service this court held to be invalid, and by reason of such invalid service reversed the judgment. (*McPhail* v. *Nunes*, 38 Cal. App. 557, [177 Pac. 193].)

This decision upon the question of the service of summons has become the law of the case, and it is therefore unnecessary for us to enter into any further discussion of the matter.

The point is made by appellants upon this appeal that plaintiff cannot maintain this action, for the reason that the property had been sold to the state of California and that the plaintiff had not redeemed from such sale to the state, and that plaintiff is in no position to maintain an action to quiet title.

It appears from the record that the real property was sold to the state for delinquent taxes on the twenty-seventh day of June, 1900, and that the state received a deed for the same on the eighth day of July, 1905. That on the twenty-sixth day of July, 1907, a deed from the state was made by the tax collector of Kings County on behalf of the state to defendant A. F. Nunes, pursuant to a sale at public auction, noticed for and held on the said twenty-sixth day of July, 1907. [1] This deed was held to be invalid for the reason that no proper notice was given of the sale as required by law, which defect rendered the said deed void. But the said defendant paid to the state all taxes and penalties necessary to entitle him to a deed. Under these circumstances we agree with the respondent that "the plaintiff could not redeem from the state, after the state had been fully paid, and the money due from the plaintiff for these taxes was no longer due to the state, but to the defendant who had paid the state."

Defendants, in support of their claim that plaintiff is in no position to maintain an action to quiet title, cites the cases of *Sears* v. *Willard*, 165 Cal. 12, [130 Pac. 869]; *Schroder* v. *Aden Gold Mining Co.*, 144 Cal. 628, 630, [78 Pac. 20]; *Maginnis* v. *Hurlbutt*, 34 Cal. App. 508, [168 Pac. 368]; *Klumpke* v. *Henley*, 24 Cal. App. 35, [140 Pac. 289, 313]; *Rockey* v. *Vieux*, 179 Cal. 681, 682, [178 Pac. 712]. None of these cases support this contention. In *Sears* v. *Willard* the facts are different from the facts of

48 Cal. App.—25

the case at bar. There the plaintiff sued to quiet title to two lots of land. Defendants answered denying plaintiff's title; setting up their own title by conveyance as well as by open and exclusive possession of the property and payment of taxes thereon, and pleading the bar of the statute of limitations. The court found that plaintiff was not the owner of nor entitled to the possession of the land in question; that for more than five years after their entry thereon under a certain tax title pursuant to certificates of sale of said premises for nonpayment of city taxes for the year 1900, defendants had held exclusive possession of, and had paid all taxes upon, said property, and that plaintiff had not repaid nor offered to repay any of the amounts so expended.

In the case at bar the answer alleges that the defendants are in the possession of the land, but it is found by the court that the defendants have not, nor have their predecessors in interest, for five years prior to the filing of the complaint, or at all, been in the possession of said land, or any part thereof, under any claim of right, and have not paid all the taxes levied and assessed upon said real property during said five years.

In the case of *Schroder* v. *Aden Gold Mining Co., supra,* the court simply announced the rule that a plaintiff must obtain judgment upon the strength of his own title, and not upon the weakness of that of the defendants, and to the same effect are the cases of *Maginnis* v. *Hurlbutt,* 34 Cal. App. 504, 508, [168 Pac. 368], *Klumpke* v. *Henley,* 24 Cal. App. 35, 36, [140 Pac. 289, 313], and *Rockey* v. *Vieux,* 179 Cal. 681, 682, [178 Pac. 712].

[2] The plaintiff's title to the land, as shown at the trial, was proven as follows: "It was stipulated by the respective parties that title to the lands described in plaintiff's complaint as the northeast quarter of section 3, township 24 south, range 18 east, Mount Diablo base and meridian, were conveyed by patent from the United States to Grant Copper; and by deed conveyed by Grant Copper to Jennie V. Copper. A deed was then offered by plaintiff and admitted in evidence without objection, whereby Jennie V. Copper and John A. Copper, her husband, conveyed to plaintiff Hugh McPhail said lands; which deed was properly acknowledged and executed and recorded in the office of the county re-

corder of the county of Kings, state of California, on August 18, 1913, in Book 52 of Deeds at page 50 thereof.''

This record, under the circumstances in this action, surely establishes a *prima facie* case of ownership in plaintiff, and the defendants not being in possession of the property, or any part thereof, and having no title whatever in themselves, are in no position to attack this *prima facie* case made by the plaintiff. (*Williams* v. *City of San Pedro,* 153 Cal. 44, 49, [94 Pac. 234].) Mr. Justice Shaw, in his concurring opinion in *Williams* v. *San Pedro,* at page 50, says: ''The rule is elementary and practically universal that no party will be permitted to interpose to defeat the *prima facie* title of another party to the thing derived by him from a third person, unless such attacking party pleads, or shows in some authorized manner, that he has some right, title, or interest in the thing. A defendant who does not himself claim some right, title, interest, or possession has no *status* to question the validity of a conveyance of the property by a third person to the plaintiff.''

[3] It was stipulated at the trial and the court found that the defendants had paid to the tax collector of Kings County for the purchase of the lands $87.12, and that this sum was the accrued costs, including back taxes and the accrued interest at that time, and that since the time of the said purchase the defendants have paid the further sum of $91.50 for taxes.

Section 3898, subdivision 5, of the Political Code provides: ''Whenever in any action at law it has been or shall be determined by a court that the sale and conveyance provided for in this and the preceding section or in section three thousand seven hundred seventy-one of this code heretofore or hereafter made are void for any reason, and that the purchaser from the state may not be finally awarded the property so purchased, no decree of the court shall be given declaring a forfeiture of the property until the former owner, or other party in interest, shall have repaid to the purchaser the full amount of taxes, penalties and costs paid out and expended by him, to be determined by the court, in pursuit of the state's title to the property so sold. . . .''

There is no provision in the judgment entered in this action providing that said judgment should not take effect until payment by the plaintiff to defendants of the amount

of taxes paid by said defendants upon the property. While it is true that at the trial of this action the plaintiff offered in open court to pay defendants the full amount of taxes, penalties, and costs paid out and expended by them in pursuit of the state's title to the property in question, together with interest thereon at the rate of seven per cent per annum from the time such payments were made, to the date of the trial, and that this offer was by the defendants in open court refused; nevertheless, we are of the opinion that under said section 3898, subdivision 5, of the Political Code it was incumbent upon the court in rendering its judgment in favor of plaintiff to provide that said judgment should not take effect until plaintiff made such payments. Said section 3898 of the Political Code provides positively that no decree shall be made until this relief is granted to the purchaser of a tax title. (*Smith* v. *Golden State Syndicate,* 43 Cal. App. 346, [185 Pac. 209].) The mere fact that the defendants refused to accept the said offer made by plaintiff prior to judgment to reimburse them for their expenditures did not constitute a waiver on their part of the provisions of subdivision 5 of section 3898 of the Political Code nor deprive them of any of their rights under said section.

The judgment appealed from is reversed and the cause remanded, with directions to the court below to enter judgment upon the findings in favor of plaintiff, conditioned that the judgment shall not take effect until payment by the plaintiff to the defendants of the amount of taxes, penalties, and costs paid by the said defendants upon the property.

Hart, J., and Burnett, J., concurred.