[Civ. No. 4400. First Appellate District, Division One.—January 26, 1923.]

GEORGE BIAGGI, Appellant, v. G. MAINERO et al., Respondents.

[1] QUIETING TITLE—BURDEN OF PROOF—DISCLAIMER—JUDGMENT.—In an action to quiet title to real property the plaintiff must recover on the strength of his own title, rather than on the weakness of the defendants' title; and where one of several defendants in an action to quiet title denies all the allegations of the complaint, thus placing in issue all of those allegations, it is incumbent upon the plaintiff to prove every allegation of his complaint, and if he does not meet such burden of proof he is not entitled to a decree quieting his title to a portion of the property as against such of the defendants as disclaimed any interest thereto.

[2] ID.—APPEAL — RECORD—EVIDENCE — PRESUMPTION.—In such an action, where the trial court decrees merely that plaintiff is not the

owner in possession or entitled to possession of the property de-
scribed, and that defendants have judgment for costs, and plain-
tiff's appeal from such judgment is on the judgment-roll alone, it
will be conclusively presumed that there was no evidence offered
to establish plaintiff's claim of title.

[3] ID.—TAX TITLE—CONDITIONAL DECREE—APPEAL.—In such action to
quiet title, the complaint having been in the usual form, the trial
court having decreed merely that plaintiff was not the owner in
possession or entitled to possession of the property described, and
the appeal having been on the judgment-roll alone, the appellate
court was limited to the questions presented thereby and it could
not determine whether the judgment should have been conditioned
upon restoration to plaintiff of money spent in pursuit of the tax
title under which plaintiff claimed.

[4] ID.—ALLEGED TAX TITLE—FINDING—JUDGMENT.—In such action to
quiet title, the finding by the trial court that plaintiff's claim of
title to the property in question was based upon "an alleged sale of
said property for alleged delinquent taxes" for certain specified fis-
cal years "and upon alleged conveyances executed to plaintiff's
predecessor in interest . . . pursuant to said alleged delinquency
and pursuant to said alleged sale," was unnecessary to the judg-
ment, which decreed merely that plaintiff was not the owner in
possession or entitled to possession of said property.

[5] ID.—PAYMENTS — EVIDENCE — APPEAL — PRESUMPTION.—The trial
court not having found that plaintiff or his predecessors in interest
ever paid any sum whatever for taxes, penalties, or costs, and the
appeal being on the judgment-roll alone, it must be assumed on
appeal that there was no evidence in that respect.

APPEAL from a judgment of the Superior Court of
Santa Clara County. F. B. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

William R. Biaggi and Ralph C. McComish for Appellant.

John P. Fitzgerald, Walter Fitzgerald, C. C. Coolidge,
Thomas J. Riordan and Maurice J. Rankin for Respondents.

ST. SURE, J.—This is an action to quiet title to a tract
of land containing 28.77 acres in Santa Clara County.
Judgment was for defendants and plaintiff appeals on the
judgment-roll.

The complaint is in the usual form. Defendants G.
Mainero, Margherita Mainero, and Peter Piumarta an-

swered, denying ownership in plaintiff of any of the property and setting up their own ownership of a part of it, subject to a certain pipe-line right. They disclaimed ownership in a portion of the property lying "west of Llagas Creek." Emelia Piumarta answered separately, denying all of the allegations of the complaint. All of the defendants joined in an amendment to their answers, alleging, on information and belief, that plaintiff's claim of owership was based upon an alleged sale of the land for delinquent taxes of 1914–15, and alleged conveyances to plaintiff's predecessor in interest pursuant to such alleged delinquency and sale, and tender to plaintiff of taxes, penalties, and costs chargeable upon the land which plaintiff or his predecessor paid at such alleged sale or afterward on the faith of it, with legal interest from the time of payment.

The action was dismissed as to all defendants save the Maineros and Piumartas, and trial was had upon the complaint and answer and amendment to the answer. The court decreed merely that plaintiff was not the owner, in possession or entitled to possession of the property described; and that defendants have judgment for costs.

Plaintiff contends, first, that inasmuch as there was a disclaimer as to a portion of the land, plaintiff was entitled to a decree quieting his title as to that portion as against the parties making the disclaimer; second, that the judgment should have been conditioned upon restoration to the plaintiff of the money spent in pursuit of the tax title.

[1] The first point is disposed of by the cases of *Rockey et al.* v. *Vieux et al.*, 179 Cal. 681 [178 Pac. 712]; *Sears* v. *Willard*, 165 Cal. 12 [130 Pac. 869], and *Williams* v. *San Pedro*, 153 Cal. 44, at 49 [94 Pac. 234], which hold that the plaintiff must recover on the strength of his own title rather than any weakness of the defendants' title. Whether or not defendants had any title to the property, or any part of it, is immaterial. The defendant Emelia Piumarta did not disclaim as to any part of the property, but denied all the allegations of the complaint. This put in issue all of those allegations and made it incumbent upon the plaintiff to prove every allegation of his complaint. [2] The appeal comes before this court upon the judgment-roll alone and it will therefore be conclusively presumed that there was no evidence offered to establish plaintiff's claim of

title. (*Mohr* v. *North Rawhide Co.,* 177 Cal. 264 [170 Pac. 600].)

The second point is also without merit. [3] The appeal, as we have stated, comes before us upon the judgment-roll alone, and in our determination we are limited to the questions presented thereby. (*Norton* v. *Newerf,* 45 Cal. App. 10 [187 Pac. 57].)

[4] In its decision the trial court, among other things, found that plaintiff's claim of title was based upon "an alleged sale of said property for alleged delinquent taxes for the fiscal years 1914–15, and upon alleged conveyances executed to plaintiff's predecessor in interest, R. G. Biaggi, pursuant to said alleged delinquency and pursuant to said alleged sale." In this connection respondent calls our attention to subdivision 5 of section 3898 of the Political Code, which provides that in an action of this kind no decree of forfeiture shall be given "until the former owner, or other party in interest, shall have repaid to the purchaser the full amount of taxes, penalties and costs paid out and expended by him." The finding was unnecessary to the judgment. Furthermore, we note that the court did not find that there was in fact a delinquency on the property in question, or that there was in fact a sale of the property for such delinquency. [5] Neither did it find that plaintiff or his predecessors in interest ever paid any sum whatever for taxes, penalties or costs. In the absence of any evidence showing such payment it must be assumed that there was no evidence in that respect. Had the court made a decree quieting title in defendants, it may be that such decree should have been conditioned on payment of the moneys paid by plaintiff in pursuit of the tax title, but this question does not arise in this case for the reason that the title was not decreed in anyone. If plaintiff is not aggrieved by a judgment declaring someone else to be the owner when he has shown no title in the land in himself, this plaintiff cannot be heard to complain of this judgment.

The judgment is affirmed.

Richards, J., and Tyler, J. P., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 26, 1923.

All the Justices concurred.