[Civ. No. 678. Fourth Appellate District.—October 14, 1933.]

PETRA VALENCIA SMITH et al., Appellants, v. CALIFORNIA PORTLAND CEMENT COMPANY (a Corporation), Respondent.

Willedd Andrews for Appellants.

Call & Murphey, Walter E. Bennett and William Guthrie for Respondent.

BARNARD, P. J.—In this action both parties sought to quiet their title to a certain parcel of real property. From a judgment in favor of the defendant, the plaintiffs have appealed.

The sole ground of reversal urged is that the court erred in refusing to admit into evidence the county recorder's record of a certain deed. It appears that this deed was written in Spanish and at the bottom thereof was what purported to be an English translation of the same. The deed was dated September 30, 1869, was acknowledged October 6, 1879, and was recorded May 5, 1882, with the certificate of the recorder that the same was "a full, true and correct copy of that part of the original which is written in English". Omitting the acknowledgment the purported translation of the deed reads as follows:

"San Bernardino, Sept. 30th, 1869.

"Be it known that by these presents, I, the undersigned sell and convey to Mr. Ramon Valencia all my right, title and interest in all my land which I possess and bounded as follows: On the north by the Cerrito X; on the south by the land of Mr. Ygnacio Molla; on the east by a piece of land of the Jurupa Rancho; on the west by the Chamisal, and containing about 15 or 20 acres, together with house and improvements thereto appertaining, also one day of water, the right to which I have in the artegria (water ditch) Meeks and Daley.

"In testimony whereof I execute this instrument at Sait, Salvador, this 30th day of September, 1869.

"His

"MANUEL X QUINTANA

"Mark

"Witness: M. CARLOS LUGAN."

This purported translation was read into evidence and, at the request of counsel for both sides, the court's ruling on its admissibility was reserved and other evidence received. At the close of the appellants' case, the court stated that in order to clear up the record the objection to the admission of the deed would be sustained.

A surveyor of long experience, who was a witness for the appellants, testified that it was not possible from the description in this deed to locate on the ground the land attempted to be described therein. No evidence to the contrary was offered. Under these circumstances and since the writing itself furnishes no means whereby the description could be made sufficiently definite to locate the property, the purported deed was void. (*Scott* v. *Woodworth,* 34 Cal. App. 400 [167 Pac. 543].) No evidence was offered to the effect that the purported translation into English was a correct translation of the original. (*Wilson* v. *Corbier,* 13 Cal. 166.) Although ample opportunity was given, no evidence was received or offered by the appellants tending to show title in their claimed grantor (*Rockey* v. *Vieux,* 179 Cal. 681 [178 Pac. 712]), nor did the appellants offer any proof which would have made the deed, if admitted, of any value to them.

On the other hand, the evidence on behalf of the respondent amply sustains the findings and judgment.

From this it appears that the Ramon Valencia mentioned in the deed died in 1869 and that none of his heirs had been in possession of the property or paid any taxes thereon during the period of more than sixty years prior to the beginning of this action. (See, *Chapman* v. *Bank of California*, 97 Cal. 155 [31 Pac. 896]; *Stevenson* v. *Boyd*, 153 Cal. 630 [96 Pac. 284, 19 L. R. A. (N. S.) 525]; *Garrity* v. *Miller*, 204 Cal. 454 [268 Pac. 622].) There was also evidence that the respondent had been in possession of the land continuously for sixteen years and that its predecessors in interest had been in possession thereof for an additional forty years. While the deed in question was not recorded until May 5, 1882, a patent from the United States government dated May 3, 1879, was recorded on July 10, 1880, and the record shows an unbroken chain of title from the patentee to the respondent.

The court found that the estate of Ramon Valencia, deceased, is not the owner of and has no interest in the real property claimed; that the respondent is and for a long time has been the owner thereof; that the respondent and its predecessors for more than twenty years prior to the commencement of this action have been in the continuous, actual, open, notorious and exclusive possession and occupation of all of said property claiming to own the same in fee against the whole world; that the same has been improved and used and occupied for farming purposes and for the operation of a cement manufacturing plant; that the land has been fenced for more than twenty years; that all taxes have been paid by the respondent for more than five years continuously next preceding the commencement of this action; that the predecessors in interest of the respondent have successively conveyed the property for a valuable consideration; that in each instance the grantee has been placed in possession of the property and that all deeds have been recorded; that the respondent and its predecessors in interest, without any notice or knowledge of claims on the part of the appellants, have within the past thirty years made valuable improvements on all of the property claimed; and that during all of said time the heirs and successors in interest of Ramon Valencia, with full knowledge of the construction and making of said improvements, have made no protest against the

same and have asserted no claim to the property. The court further found that the appellants are now estopped from asserting any right, title or interest in or to the property, and that their claims are barred by the various statutes of limitation.

It also appears that long prior to the beginning of this action this respondent brought a quiet title action under the appropriate statute against all persons claiming any title, estate, lien or interest in this real property and that under date of August 15, 1924, a judgment was entered quieting its title.

Not only was the deed referred to not admissible in evidence in the state of the record at the time the order complained of was made, but it fully appears that the appellants were in no way injured by the order.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.