[L. A. No. 17101.   In Bank.—Oct. 16, 1941.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Respondent, v. C. P. WARDEN, Appellant.

J. Everett Brown for Appellant.

Alan G. Campbell for Respondent.

SHENK, J.—The plaintiff brought an action to quiet title to certain lots in the city of Newport Beach, county of Orange. In the complaint it alleged that the defendant claimed some interest in the real property adverse to the plaintiff. The defendant, C. P. Warden, filed a verified answer denying ownership in the plaintiff, and alleging ownership in himself. He prayed that the plaintiff take nothing by the action and that the defendant recover his costs. The court entered judgment for the plaintiff and the defendant has appealed.

It is contended that the trial court committed prejudicial error in sustaining objections to evidence offered by the defendant to rebut the plaintiff's *prima facie* showing of title. On the trial the plaintiff introduced in evidence two street improvement bonds and two deeds in foreclosure of the same, executed by the treasurer of the city of Newport Beach and purporting to convey title to the plaintiff. On this showing the plaintiff rested. The defendant thereupon called the city treasurer as a witness for the purpose of attacking the regularity of the proceedings leading up to the execution of the bond foreclosure deeds, thus challenging the validity of

the plaintiff's title. Objection to the introduction of this evidence was sustained on the ground that the defendant was required first to show a *prima facie* interest in the property before he could attack the validity of the plaintiff's title. The defendant declined so to proceed and the judgment for the plaintiff followed.

The defendant relies on the rule that the plaintiff must succeed solely on the strength of his own title, and not on the weakness of his adversary's title; while the plaintiff seeks support for the judgment in the rule that an attack upon the plaintiff's showing may not be made by a stranger to the title.

It may be said that since the decision in *Doll* v. *Meador,* 16 Cal. 295, this court has recognized as a general proposition that title to property may not be attacked by persons showing no color of title in themselves, and that want of validity may not be set up by strangers and intruders, that is, persons who were neither in possession of the property nor connected in any way with the paramount source of title. (See cases cited in *Williams* v. *City of San Pedro,* 153 Cal. 44 [94 Pac. 234], at pp. 51, 52.)

But so far as we are aware it is not the law of this state that the defendant has not established sufficient color or claim of title for the purpose of permitting him to attack the validity of the plaintiff's title sought to be quieted, when the plaintiff in a verified complaint alleges the defendant's adverse claim of title, and the defendant by verified answer admits the claim adverse to the plaintiff and asserts ownership in himself.

In a quiet title action the plaintiff must prove his title in order to recover. (*Heney* v. *Pesoli,* 109 Cal. 53, 58 [41 Pac. 819].) It has been stated as an elementary rule that "If he has no title, he cannot complain that some one else, also without title, asserts an interest in the land. . . . A defendant in such an action may always effectually resist a decree against himself, by showing simply that the plaintiff is without title." (*Williams* v. *City of San Pedro, supra,* at p. 49.) The last case cited was an action to quiet title. The plaintiff relied on a certificate of purchase from the state. It was said that the certificate was no more than *prima facie* evidence of ownership and that the defendants necessarily would have the right to show facts *aliunde* which

would render it worthless and inoperative as a conveyance and thus rebut the *prima facie* case of ownership in the plaintiff. In that case the defendants merely denied the allegations in the complaint without making any claim of ownership. The judgment was affirmed on stipulated facts which disclosed the invalidity of the plaintiff's title. However, in a concurring opinion it was stated as an elementary and practically universal rule, that a defendant will not be permitted to interpose to defeat the *prima facie* showing of title unless he pleads, or shows in some authorized manner, that he has some right, title or interest in the property. "A defendant who does not, himself, claim some right, title, interest, or possession, has no *status* to question the validity of a conveyance of the property by a third person to the plaintiff." (p. 50.)

It may be said that the plaintiff's *prima facie* showing required the defendant to go forward with proof; also as against one shown to be a stranger to the title, the plaintiff's *prima facie* showing would entitle him to judgment. (*Davis* v. *Crump,* 162 Cal. 513 [123 Pac. 294].) The pleadings in the present case, however, were sufficient to entitle the defendant to controvert the *prima facie* showing of the plaintiff, either by evidence establishing that the purported deed to the plaintiff conveyed no title, or that the defendant himself was the owner of the property, and if the evidence disclosed that the plaintiff had no title it would become unnecessary to inquire into the claims or title of the defendant. (*Schroder* v. *Aden Gold Mining Co.,* 144 Cal. 628, 630 [78 Pac. 20]; *Davis* v. *Crump, supra.*) It was said in *Sears* v. *Willard,* 165 Cal. 12 [130 Pac. 869], at page 14, that a plaintiff in an action to quiet title must fail unless he shows title in himself, and he is not in a position to complain if someone else, also without title, asserts an interest in the property, citing *Williams* v. *City of San Pedro, supra.* (See also *Rockey* v. *Vieux,* 179 Cal. 681 [178 Pac. 712]; *Penn* v. *Dyba,* 115 Cal. App. 67 [1 Pac. (2d) 461].)

In the case of *Knoke* v. *Knight,* 206 Cal. 225 [273 Pac. 786], the trial court apparently permitted an investigation into the facts behind the tax deed offered by the plaintiff where the defendant offered no evidence of her ownership of the land. The contention of error in this respect was rejected and the judgment against the plaintiff was affirmed. It was

said: "It is hardly necessary to cite an authority in support of the well-established principle of law that in an action to quiet title the plaintiff must recover on the strength of his own title rather than any weakness of the defendant's. It has been repeatedly so held by this court." (Citing cases above referred to.)

The case of *McPhail* v. *Nunes*, 48 Cal. App. 383 [192 Pac. 95], is not contrary to our conclusion. In that case the defendants pleaded ownership of the property and attempted to prove ownership under a tax deed which was found to be invalid. Judgment for the plaintiff was affirmed on the ground that as it had been proved that the defendants had no title or possession, they were not in a position to attack the plaintiff's *prima facie* showing of ownership. A similar situation was presented in *Hindle* v. *Warden*, 50 Cal. App. 356 [195 Pac. 428], in which a judgment for the plaintiff was likewise affirmed.

We conclude that it was prejudicial error for the trial court to exclude the evidence offered by the defendant.

The judgment is reversed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.