[Civ. No. 1863.   Third Appellate District.—November 7, 1918.]

HUGH McPHAIL, Appellant, v. A. F. NUNES et al.,
Respondents.

SUMMONS—SERVICE BY PUBLICATION—DEFENDANT NOT FOUND IN STATE
—AFFIDAVIT DEFECTIVE.—Under section 412 of the Code of Civil
Procedure an affidavit for publication of summons against a de-
fendant who cannot be found within the state is fatally defective,
which fails to show that the certificate of residence provided for by
section 1163 of the Civil Code has not been filed, or if filed that
the defendant could not be found by the sheriff at the address
therein designated.

JUDGMENT — DEFECTIVE PUBLICATION — COLLATERAL ATTACK.—A judg-
ment, on service of the summons by publication, under an order
therefor, based on an insufficient affidavit, is void and will be so de-
clared on a collateral, as well as on a direct, attack.

APPEAL from a judgment of the Superior Court of Kings
County.   M. L. Short, Judge.

The facts are stated in the opinion of the court.

Lamberson, Burke & Lamberson, for Appellant.

John G. Covert, for Respondents.

HART, J.—Plaintiff brought the action to quiet title to 160
acres of land in Kings County and to have adjudged void the
judgment of the superior court of said county, in a certain
action to quiet title, wherein A. F. Nunes, one of the defend-
ants in this action, was plaintiff, and Jennie V. Copper and
certain fictitiously named parties were defendants. Judg-
ment in the present action was in favor of defendants, from
which and from an order denying him a new trial plaintiff
appeals.

The facts as gathered from the pleadings and the findings
are: That the land in controversy was purchased by the de-
fendant, Nunes, on the twenty-sixth day of July, 1907, at a
tax sale regularly authorized by the state controller and duly
conducted by the tax collector of Kings County, said land
having been previously sold to the state for delinquent taxes,
costs, and penalties; that, on the eighth day of January, 1909,

said Nunes, as before stated, commenced an action in the superior court of Kings County against Jennie V. Copper and several fictitiously named defendants for the purpose of quieting title to said real property, title to which at the time of the assessment and levy of taxes thereon and the sale thereof to Nunes at the tax sale was in said Jennie V. Copper; that Nunes was awarded judgment in said action quieting his title to said real property, and that subsequently he conveyed certain interests in the land to the defendants, Van Valer and Farley.

The defendants in this action denied that plaintiff had title to or any interest in the real property in suit and set up ownership in fee in themselves by prescription, under the tax sale above referred to and also under the judgment in *Nunes* v. *Copper et al.* The court found adversely to the defendants on their claim of title by prescription and under the tax sale, but found that the title was in them by virtue of said judgment in *Nunes* v. *Copper et al.*

Service of summons in said action of *Nunes* v. *Copper et al.* was by publication, and the sole point presented for decision here is whether the affidavit for publication of summons in said action was sufficient to support the order of the court for the publication and the finding in said order that defendant, Copper, had departed from the state.

The affidavit upon which said order of publication was based was made by A. F. Nunes and the essential portions thereof are as follows:

"That said Jennie V. Copper cannot after due and diligent search be found within the said county of Kings, or within the state of California, and this affiant in support thereof states the following facts and circumstances:

"That said affiant placed in the hands of the sheriff of the county of Kings, state of California, the summons in the above entitled action, for the purpose of personal service on said defendants or either of them, and the said sheriff has made his return thereon that he has been unable to find said defendants or either of them within the said county of Kings.

"That this affiant for the purpose of finding said defendants and any or either of them, and to ascertain the place of residence of either or any of said defendants, has made diligent inquiry of various residents and business agents, and has been informed by each and all of such persons inquired from,

that they do not know the residence or present whereabouts of either or any of said defendants, and therefore believes that neither of said defendants are residents of the state of California, and that their present places of residence are unknown to this affiant; that affiant has made diligent inquiry to find said defendants but cannot after due diligence find either or any of said defendants within this state.

"That this affiant therefore says that personal service of said summons cannot be made on said defendants or either of them and prays," etc.

Section 412 of the Code of Civil Procedure, as amended by this legislature of 1905 (Stats. 1905, pp. 141, 142), reads as follows:

"Where the person on whom service is to be made resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; or conceals himself to avoid the service of summons; or is a foreign corporation having no managing or business agent, cashier or secretary within the state, and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action; or when it appears by such affidavit, or by the complaint on file herein, that it is an action which relates to or the subject of which is real or personal property in this state, in which such person defendant or foreign corporation defendant has or claims a lien or interest, actual or contingent, therein, or in which the relief demanded consists wholly or in part in excluding such person or foreign corporation from any interest therein, such court or judge may make an order that the service be made by the publication of the summons; *provided* that where service is sought to be made upon a person who cannot, after due diligence, be found within the state it must first appear to the court by the affidavit aforesaid that there has not been filed, on behalf of such person, in the county where such action is pending, the certificate of residence provided for by section one thousand one hundred and sixty-three of the Civil Code in the county in which the action is brought; or that said certificate was so filed and that the defendant cannot be found at the place named in said certificate, which latter fact must be made to

appear by the certificate of the sheriff of the county wherein said defendant claims residence in and by said certificate of residence, and which certificate of said sheriff must show that service of said summons was attempted upon said defendant at the place named in said certificate of residence but that said defendant was not to be found thereat."

The amendment of said section by the legislature of 1905 involves that part thereof beginning with the word *"provided,"* and which, as is to be observed, requires that the affidavit upon which the order for the service of summons by publication is based shall contain a statement that the certificate of residence provided for by section 1163 of the Civil Code has not been filed, or that such certificate was duly filed, but that the defendant cannot be found at the place designated in said certificate where service may be made.

The appellant, as stated above, contends that the affidavit was fatally defective and wholly insufficient to give the court jurisdiction to make the order of publication of summons because: 1. The facts stated therein are mere ultimate facts alleged "solely upon the belief of affiant"; 2. That the affidavit omits to state the facts required to be set forth in an affidavit for the publication of summons with respect to the certificate provided for by the section of the Civil Code above named.

We think it is very clear that for the second reason above stated the affidavit was insufficient to justify the making of the order of publication of summons, and, therefore, we will not be required to consider and determine whether the affidavit was otherwise legally sufficient.

It is thoroughly settled that, inasmuch as the service of summons by publication is in derogation of the common law, to make such constructive service effectual, the statute authorizing it must be substantially complied with and its mandates obeyed. (*Ricketson* v. *Richardson,* 26 Cal. 153; *Columbia Screw Co.* v. *Warner Lock Co.,* 138 Cal. 445, 446, [71 Pac. 498].)

It cannot for a moment be doubted that, to have legally authorized the court to make the order for the publication of the summons, it was absolutely necessary that the affidavit should have contained the statement either that no certificate designating the place where the summons might be served on the defendant, Copper, in said action, had been filed, or that, if

filed, the defendant could not be found by the sheriff at the place designated in the certificate where summons might be served. The failure to do so rendered the affidavit fatally defective. In other words, by reason of the failure to incorporate that statement in the affidavit, section 412 of the Code of Civil Procedure was not only not substantially complied with, but legally the same as not complied with at all.

The contention that, where the affidavit of publication states that defendant resided out of the state or has departed therefrom, and that such person cannot, after due diligence, be found within the state, it is not necessary to set forth, in addition to such statements, that no certificate of residence has been filed on behalf of the defendant, or if such certificate has been filed, the sheriff could not find him at the place designated in such certificate, cannot be upheld. Section 412 unqualifiedly makes the statement as to such certificate one of the essentials or conditions of the affidavit for the order of publication. Said section, after setting forth other conditions which must be shown to exist to authorize the making of the order of publication, proceeds: *"provided* that where service is sought to be made upon a person who cannot, after due diligence, be found within the state, it *must* first appear to the court by the *affidavit aforesaid,"* etc., following which is the provision as to the certificate provided for by section 1163 of the Civil Code. "The word 'provided' means 'on condition.'" (6 Words & Phrases; *De Witt* v. *Kaufman Co.,* 27 Tex. Civ. App. 332, [66 S. W. 224, 226].)

In *Paschall* v. *Passmore,* 15 Pa. 295, 308, the word is thus explained: "The word 'provided' is recognized as implying a condition without the addition of any other words; so that if one granted lands to another in fee, *provided* that the grantee pay to the grantor a specified sum at a certain time, there is a good condition without words of re-entry." (See, also, other cases cited in Words & Phrases, *supra.*)

It is, of course, quite true that the word "provided" in a statute is not always or invariably to be interpreted as introducing a necessary condition. The sense in which the word is used in a statute or the effect that it was intended by the legislature to have therein must be determined from a consideration of the section or statute as a whole. But, as to the meaning of the word as it is used in section 412 of the Code of Civil Procedure, there is no possible ground for contro-

versy or doubt. The language of that part of said section beginning with said word is mandatory and plainly says that the "aforesaid affidavit" (meaning, of course, the affidavit for publication), *must* contain a statement that the certificate provided for by section 1163 of the Civil Code has not been filed, or, if filed, the defendant could not be found at the place designated in such certificate where service of summons may be made on such person.

The cases cited and relied upon by the respondents as in support of the position that the affidavit of publication was in all respects legally sufficient to have justified the order for the publication of the summons were decided prior to the amendment of section 412 of the Code of Civil Procedure by the legislature of 1905. They are, therefore, not in point here.

An intimation is made that, since jurisdiction will be presumed in courts of superior general jurisdiction, the remedy for the correction of the judgment was by a direct attack thereon by way of appeal. But there is obviously no merit in that suggestion.

The affidavit for publication of summons and the order directing publication of the same are part of the judgment-roll, where the service of summons is constructive or by publication. It is, of course, well settled that where the judgment is void upon its face it may be attacked collaterally. In other words, if an inspection of the judgment-roll itself discloses that the judgment is for any reason void, the judgment may be so declared and as having no force or effect on a collateral as well as on a direct attack thereon. Of course, the rule is different where the judgment is merely voidable. These propositions are elementary and authorities supporting the statement thereof need not be cited.

The judgment and the order appealed from are reversed and the cause remanded.

Chipman, P. J., and Burnett, J., concurred.