[Civ. No. 47003. First Dist., Div. Four. Aug. 25, 1980.]

MORELAND TEACHERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
ANNA KURZE et al., Defendants and Respondents.

[Civ. No. 45905. First Dist., Div. Four. Aug. 25, 1980.]

MORELAND TEACHERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
RICHARD L. DAVIS et al., Defendants and Appellants.

**COUNSEL**

LaCroix & Schumb and Joseph G. Schumb, Jr., for Plaintiffs and Appellants.

Breon, Galgani & Godino and Margaret E. O'Donnell for Defendants and Respondents.

OPINION

KRONINGER, J.*—These two consolidated appeals challenge the propriety of the termination of employment of a number of certificated employees by the Moreland School District (respondent) in the spring of 1977 and again in the spring of 1978. The proposed decision of an administrative law judge upholding most of the dismissals was adopted by the governing board of respondent and reviewed and affirmed in each case in the court below on a writ of administrative mandamus.

In the spring of 1977, the governing board of respondent gave notice to and laid off a number of fulltime equivalent certificated employees because of a decline in average daily attendance (ADA) and a reduction of particular kinds of services, pursuant to Education Code section 44955. In calculating the number and identity of employees to be laid off, respondents subtracted all positively assured attrition known to exist by March 15, and retained seven junior employees with special skills needed by the district. Two resignations accepted after March 15 were not considered by the board.

In February 1978, the board gave notice to, and ultimately laid off, another group of teachers. Again, two resignations accepted after March 15, but prior to the hearing by the administrative law judge, were not considered in the calculation. The 1978 procedure was identical to that used in the 1977 layoff with one exception: Based on an amendment to Education Code section 44955 effective January 1, 1978, the board ignored the seniority ranking of employees with the same date of initial service.

Appellants contend that some or all of the 1977 and 1978 layoffs are invalid for the following reasons:

1. The initial notice of recommendation that service would not be required was invalid.

2. The final date for taking into account all positively assured attrition should have been May 15 rather than March 15.

---

*Assigned by the Chairperson of the Judicial Council.

3. Education Code section 44955 does not authorize retention of junior employees regardless of special needed skills.

4. Administrators are not exempted from the seniority layoff procedure.

5. Education Code section 44955 may not be retroactively applied to revise seniority ranking for employees with the same date of initial service. (This issue relates only to appeal of the spring 1978 layoff.)

It is appellants' first contention that improper notice invalidates all of the challenged layoffs.

■ Education Code section 44955[1] (former § 13447) provides that a school district may terminate employees because of either a decline in average daily attendance or reduction of particular kinds of services. The district is required to give its employees an initial notice by March 15 (§ 44949) and final notice by May 15 (§ 44955). Respondents' initial notice in February of both 1977 and 1978 gave both grounds as the basis for the termination. Appellants contend that, in specifying both statutory reasons for termination, the notice lacked particularity and was inadequate to notify employees of the probability that they would not be reemployed, relying upon *Karbach* v. *Board of Education* (1974) 39 Cal.App.3d 355, 362 [114 Cal.Rptr. 84].

This court in *Campbell Elementary Teachers Assn., Inc.* v. *Abbott* (1978) 76 Cal.App.3d 796, 803-804 [143 Cal.Rptr. 281], distinguished *Karbach*, which merely held that layoffs could not be justified on grounds not specified in the original notice. The purpose of the initial notice is "'to notify the employee of the probability that his services will not be required for the ensuing year so that he may consider looking elsewhere for employment.'" (*Karbach, supra*, 39 Cal.App.3d at p. 362.) Nothing in *Karbach* or in the language of section 44955 prohibits statement of more than one ground in putting employees on notice that their jobs are in jeopardy.

■ When calculating the number of employees to be laid off due to a decline in ADA, positively assured attrition, i.e., resignations, mandatory retirements, deaths, etc., must be subtracted from the total number of staff to be reduced. (*Lewin* v. *Board of Trustees* (1976) 62 Cal.App.

[1]All code section references herein are to the Education Code.

3d 977, 982 [133 Cal.Rptr. 385].) Otherwise, more persons would be laid off than necessitated by the decline in ADA. (*Burgess* v. *Board of Education* (1974) 41 Cal.App.3d 571, 579 [116 Cal.Rptr. 183].) Appellants maintain that the calculation should include all positively assured attrition known at the time of the final determination by the district on May 15, while respondents contend that they need only consider attrition occurring prior to the initial notice date of March 15.

■ A school board should not be required to allocate its resources based on projections or estimates. (*Degener* v. *Governing Board* (1977) 67 Cal.App.3d 689, 699 [136 Cal.Rptr. 801].) However, we do not perceive this to be the result of subtracting all positively assured attrition occurring prior to the last date for giving final notice in calculating the number of layoffs needed for the following year. Acknowledging actual attrition occurring between March 15 and May 15 to reduce the number of employees to be laid off results in no prejudice to the school district, while sparing that number of employees unnecessary termination of employment.

Respondents argue that, as the statute fixes the first six months of the school year as the computation period for calculating the percentage reduction in force allowed as a result of a decline in ADA, it is logical that the same period should be used as the cutoff date for consideration of positively assured attrition. This does not follow, and none of the cases cited by respondents address the question. The March 15 notice is a preliminary notice (§ 44949); the final notice of the school board's intention not to rehire a teacher occurs on May 15 (§ 44955). We see no legal or practical impediment to revising downward the number of needed terminations resulting from events occurring in the intervening two months. On the contrary, there is sound reason to do so, as otherwise the reduction in force for the ensuing school year would be greater than that necessitated by the decline in attendance. (See *Burgess* v. *Board of Education, supra*, 41 Cal.App.3d 571, 578-579.)

Section 44955 prohibits termination of senior employees "while any probationary employee, or any other employee with less seniority, is retained to render *a service which said permanent employee is certificated and competent to render.*" (Italics added.) Appellants correctly construe the statute to authorize "bumping" of junior employees by senior employees possessing the same skills. But, they argue, it does not permit "bumping over" of seniors by juniors possessing superior skills. Section 44955 does not authorize retention of junior employees with

special skills, even where no senior employee being laid off has such skills, they say, and layoffs should proceed strictly by seniority.

Appellants' interpretation would lead to an absurd result. Where respondents are in need of a junior employee because he alone possesses a special skill or credential, appellants' construction would require them to fire the needed employee upon reducing staff, only to thereupon be compelled to rehire him or someone else with the needed skill. This would clearly contravene the letter and obvious intent of the statute.

■ The only reasonable construction to be given the above emphasized portion of section 44955 is that whenever reduction in staff is necessitated by lower ADA or by reduction or discontinuation of a service, where competency is not demonstrated by a senior employee, a junior employee having the ability to serve the needs of a program may be retained by the school district even though it may result that the senior employee lacking such competence must be terminated. (See *King* v. *Berkeley Unified School Dist.* (1979) 89 Cal.App.3d 1016, 1023 [152 Cal.Rptr. 782]; *Krausen* v. *Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 402 [116 Cal.Rptr. 833]; 59 Ops.Cal. Atty.Gen. 73 (1976).)

Appellants contend that, assuming the construction we have given section 44955, certain junior employees do not in fact have competence superior to that of some discharged seniors. The findings here are supported, however, by evidence that retained juniors did possess competence in each case not shared by discharged seniors.

Appellants contend that administrators should be laid off in accordance with strict seniority as certificated teachers.

■ Administrators hold their position at the pleasure of the governing board. (*Anaclerio* v. *Skinner* (1976) 64 Cal.App.3d 194, 197 [134 Cal.Rptr. 303].) For that reason alone, it would seem anomalous to compel a school district to forego that prerogative in times of staff reduction. We need not pursue that subject, however, as our interpretation of section 44955 provides adequate answer. The trial court found, and we agree, that administrators may be retained just as any other employee holding a special credential or needed skill, if such credentials or competence are not shared by a more senior employee, though it results in termination of a senior employee.

Finally, it is argued that a 1977 amendment to section 44955 should not be applied to change a previously established seniority order system in effect at the time of the amendment. ■ Appellants contend that a right to seniority based on the previous method is vested and that the Legislature intended the effect of the amendment to be prospective only. Neither position is tenable.

Under the old system, employees with the same date of initial service were ranked for termination and reemployed by lottery. Under the new system prescribed by the amendment such employees are to be terminated and reemployed "solely on the basis of needs of the district and the students thereof." (§§ 44846, 44955.) While section 44955 deals with order of termination of employees, including those hired on the same date, it is sections 44844 and 44845 which deal with establishing seniority. The amendment deleted lottery provision in those statutes.

Section 44851 provides that, "All employments under...Sections 44831 to 44887,...shall be subordinate to the right of the Legislature to amend or repeal...Sections 44831 to 44887,...and nothing herein contained shall be construed to confer upon any person employed pursuant to the provisions hereof a contract which will be impaired by amendment or repeal of...Sections 44831 to 44887...." Thus the method of establishing seniority among persons hired on the same day formerly contained in sections 44844 and 44845 has never created a vested right and was subject to amendment.

The Legislature having expressly reserved the power, no explicit recital of intent was required to make the amendments applicable to existing employees. Such an intent is readily inferred, however, for it would be of little use to revise termination guidelines applicable only to discharge of new employees when the district is in the process of laying off old employees and has little prospect of hiring new ones.

The evidence, reviewed in light of the applicable legal principles discussed above, supports the decision below with the exception of that portion which failed to require recognition of all attrition occurring prior to May 15 of each year in calculating the number of necessary terminations.

The judgments are reversed and the trial court is directed to enter its judgments granting the petitions, to require recalculation of necessary

reduction of employment positions in each case in a manner consistent herewith, and to take such further action as such judgments may require. In all other respects the judgments are affirmed.

Rattigan, Acting P. J., and Christian, J., concurred.