[No. A028130. First Dist., Div. One. Aug. 13, 1986.]

MAX POPPERS, Plaintiff and Appellant, v.
TAMALPAIS UNION HIGH SCHOOL DISTRICT,
Defendant and Respondent.

**COUNSEL**

Stewart Weinberg and Van Bourg, Weinberg, Roger & Rosenfeld for Plaintiff and Appellant.

Richard V. Godino, Sandra Woliver and Breon, Galgani, Godino & O'Donnell for Defendant and Respondent.

**OPINION**

**NEWSOM, J.**—Appellant challenges a judgment denying his petition for a writ of mandate directing the Tamalpais Union High School District (hereafter respondent or the district) to employ him as a certificated employee effective as of the start of the 1983-1984 school year. The facts are not in significant dispute, and we summarize them as follows.

Appellant first taught for respondent in 1967 as an art instructor. From 1967 to 1981, he taught a variety of subjects including math, social studies, physical education, and creative writing. He also participated in a variety of special programs, such as preparing students for high school equivalency exams, leading wilderness trips, and directing student discussion groups.

In 1981, appellant and 51 other teachers employed by respondent were terminated following administrative proceedings conducted pursuant to Government Code section 11517 and Education Code sections 44949 and 44955. The layoffs were a result of respondent's decision to reduce and eliminate certain services and programs. During the proceedings, appellant was given seniority number 243, the highest number being 1; his first date of paid service was found to be November 23, 1970. Ten other employees with a higher seniority preference than appellant were also terminated at the same time.

Another teacher employed by respondent, Olene Sparks, was assigned seniority number 248, with her first date of paid service being September 7, 1971. Ms. Sparks was retained, despite having a seniority rating lower than appellant and other terminated teachers, because no senior employee was found certificated and competent to perform her duties as district grants coordinator/project writer. Challenged by the Tamalpais Federation of Teachers, of which appellant is a member, the decision of the administrative judge concerning appellant and Ms. Sparks was affirmed by judgment dated January 3, 1983.

Appellant has been on terminated status since 1981. Since that date, he has worked for respondent as a substitute teacher and filled temporary positions.

In the summer of 1983, respondent placed a notice of certificated vacancy for a full time, multisubject assignment position at San Andreas Opportunity School in Larkspur. Appellant applied for the position by letter dated August 17, 1983. The declaration of Michael Gross, principal of San Andreas High School, states that appellant is "credentialed, capable, and competent to fill the Multi-Subject assignment . . . ." Respondent does not contest appellant's qualifications for this position.

Appellant was not rehired for the multisubject position, however. Instead, the announcement was withdrawn and Olene Sparks was transferred to the position when the governing board decided to eliminate her former position of grants coordinator/project writer after the 1982-1983 school year.

This action was commenced by appellant in March of 1984. The petition for writ of mandate alleged that "[t]he employment of Olene Sparks in the multi-subject position in preference to Max Poppers is inconsistent with his right as a senior employee," and that appellant had been denied "a position to which he is entitled by law." The trial court issued an alternative writ of mandate on March 9, 1984. After a hearing, the alternative writ was discharged and the petition denied on May 21, 1984.

This appeal followed. It raises the issue of seniority and reappointment rights of terminated school district employees, outlined in section 44956 of California's Education Code.[1] Specifically at issue in the present case is language contained in section 44956, subdivision (a)(1), which states, in pertinent part: "For the period of 39 months from the date of such termination, any employee who in the meantime has not attained the age of 65 years shall have the preferred right to reappointment, in the order of original

---

[1] All further statutory references are to the Education Code unless otherwise indicated.

employment as determined by the board in accordance with the provisions of Sections 44831 to 44855, inclusive, if the number of employees is increased or the discontinued service is reestablished, with no requirements that were not imposed upon other employees who continued in service; provided, that no probationary or other employee with less seniority shall be employed to render a service which said employee is certificated and competent to render."

Appellant contends that his right to be reappointed to the multisubject position is established by section 44956, subdivision (a)(1), which reveals a legislative intent to protect the employment rights of terminated teachers. He argues that the present case is controlled by the last clause in the above excerpt: "provided that no probationary or other employee with less seniority shall be employed to render a service which said employee is certificated and competent to render." This language, submits appellant, must be interpreted as prohibiting the transfer of a continuing junior employee, retained to perform duties which dismissed senior employees could not perform, to a position one of the senior, terminated employees is certificated and competent to fill. Under appellant's suggested interpretation of section 44956, should a school district decide to abolish the position a junior employee was retained to occupy, it must dismiss such employee and not merely transfer him or her to a position which a terminated senior employee could occupy.

Respondent counters that appellant possesses no reemployment rights under section 44956, which includes an express condition precedent to the creation of any reappointment rights—found in the clause, "if the number of employees is increased or the discontinued service is reestablished . . . ." Since the number of employees did not increase, and no discontinued service was reestablished when the multisubject position became vacant, respondent maintains that no reemployment rights were created in favor of appellant, notwithstanding the transfer of a junior employee to a position appellant was certificated and competent to fill.

So far as our research reveals, the propriety of a school district's transfer of a retained junior employee to a position which a previously terminated senior employee is qualified to fill has not yet been determined. Our task is thus to ascertain the meaning and effect of section 44956, subdivision (a)(1) in this context, relying on established maxims of statutory interpretation for guidance.

Of course, the paramount goal of statutory interpretation is ascertainment of the legislative intent in order to effectuate the objectives of the law. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230

[110 Cal.Rptr. 144, 514 P.2d 1224]; *Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 338 [189 Cal.Rptr. 450].) ■ Statutory language must be read in context, keeping in mind the nature and purpose of the enactment, and must be given such interpretation as will promote rather than defeat the intent of the law. (*Pennisi* v. *Department of Fish & Game* (1979) 97 Cal.App.3d 268, 272 [158 Cal.Rptr. 683]; *Steilberg* v. *Lackner* (1977) 69 Cal.App.3d 780, 785 [138 Cal.Rptr. 378].)

■ Turning to the language of the statute, we note that subdivision (a)(1) of section 44956 affords terminated employees the right to reappointment "in the order of original employment as determined by the board in accordance with the provisions of sections 44831 to 44855 . . . ." Respondent's construction of the phrase "no probationary or other employee with less seniority shall be employed to render a service which said employee is certificated and competent to render" as a mere specification of the *order* of reappointment in the event of an increase in services or employees makes little sense. Only if the latter provision is found to preclude the transfer of a retained junior employee to a position which a terminated senior employee is qualified to fill does the quoted language acquire significance.

The wording of the provision also conveys that it was intended to encompass the transfer of existing employees. In the absence of a contrary indication, legislative enactments should be construed in accordance with the common or ordinary meaning of the language used. (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d 222, 230.) The Legislature used the term "employ," which commonly refers to a broad range of personnel decisions, including the transfer of employees from one position to another, as occurred here. In contrast, had the Legislature intended to limit the application of section 44956 to those situations where a school district increases its staff, use of the word "hire" would have been more appropriate.[2]

And if the Legislature had intended to limit the application of section 44956 as respondent suggests, qualifying language could have easily been used to effectuate this result. In order to restrict the scope of section 44956 to prohibit only the rehiring of junior employees before more senior certificated personnel, the Legislature had only to phrase the statute to provide "that no probationary or other *terminated* employee with less seniority" be given employment priority; or in the alternative, the preference for senior personnel might have been limited to "reemployment" matters. Instead, the provision contains the broad directive that "no probationary or other

---

[2]In such case, the provision would read "that no probationary or other employee with less seniority shall be *hired* to render a service which said employee is certificated and competent to render." (Italics added.)

employee . . . is certificated and competent" to fill the position. In short, from the language of the statute, it appears that the Legislature deliberately chose not to place a qualification upon the reappointment priority given senior terminated employees, and we are bound to the same conclusions.

 Our interpretation will, we believe, further the objectives of the law. Our high court has taught that the legislative intent underlying section 44956 is to provide terminated employees with the same employment rights they would have enjoyed had they been retained by the school district. (*Martin v. Kentfield School Dist.* (1983) 35 Cal.3d 294, 300 [197 Cal.Rptr. 570, 673 P.2d 240].) According to subdivision (b) of section 44955, "the services of no permanent employee may be terminated . . . while any probationary employee, or any employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render."[3] Junior employees may be given retention priority over senior employees only if they possess special skills or capabilities which their more senior counterparts lack. (§ 44955, subd. (d)(1); *Alexander v. Board of Trustees* (1983) 139 Cal.App.3d 567, 571 [188 Cal.Rptr. 705]; *Moreland Teachers Assn. v. Kurze* (1980) 109 Cal.App.3d 648, 655 [167 Cal.Rptr. 343].) Under this statutory scheme, a senior employee whose position is discontinued has the right to transfer to a continuing position he is certificated and competent to fill, and in so doing may displace or "bump" a junior employee. (*Lacy v. Richmond Unified Sch. Dist.* (1975) 13 Cal.3d 469, 472-474 [119 Cal.Rptr. 1, 530 P.2d 1377]; *Alexander v. Board of Trustees, supra,* 139 Cal.App.3d at p. 571; see also Ozsogomonyan, *Teacher Layoffs in California: An Update* (1979) 30 Hastings L.J. 1727, 1748.)

Had appellant not been terminated, he, rather than Olene Sparks, would have been entitled to the multisubject assignment that arose in the summer of 1983. Indeed, the district was legally required to retain appellant in such a position in preference to Ms. Sparks. The statutory purpose of preserving the seniority rights of terminated employees would be patently circumvented if appellant were deemed disentitled to multisubject assignment simply because he was laid off before the position became available.

According to seniority rights, appellant cannot be terminated before Ms. Sparks if a multisubject position is available. Respondent could originally accomplish such a result by retaining Ms. Sparks in the grants position while dismissing appellant, then discontinuing that service and moving the

---

[3]Section 44955, subdivision (b) in pertinent part reads: "Except as otherwise provided by statute, the services of no permanent employee may be terminated under the provisions of this section while any probationary employee, or any other employee with less seniority is retained to render a service which said permanent employee is certificated and competent to render."

junior employee to the multisubject position while ignoring appellant's seniority rights. The result, whether intended or not, is impermissible.

The manifest intent of the Legislature is that discontinuance of a position must result in termination of the most junior qualified employee. (§ 44955.) And section 44956 seeks to protect the rights of terminated employees, such as appellant, as if they had not been dismissed. (*Martin* v. *Kentfield School Dist., supra,* 35 Cal.3d at p. 300.) Interpreting section 44956 to prohibit the transfer of a junior employee to a position which a more senior terminated employee is certificated and competent to fill not only effectuates the legislative intent, but also harmonizes the statute with the remainder of the act of which it is a part. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836]; *Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d 334, 338.)

■ Respondent contends that the employment rights granted by section 44956 only arise where "the number of employees is increased or the discontinued service is reestablished." As neither of these contingencies has occurred, respondent submits appellant cannot claim a statutory right to the multisubject position. We find no merit in this contention.

The first part of the statute declares the "preferred right to reappointment" of an employee in the event of an increase in the number of employees or reestablishment of a previously discontinued service. According to this language, reappointment rights in such circumstances are "in the order of original employment as determined by the board . . . ." The statute does not, however, limit reappointment rights to the two situations stated therein. On the contrary, the last part of section 44956 begins, "*provided,* that no probationary or other employee with less seniority shall be employed to render a service" which the terminated employee is certificated and competent to render. (Italics added.) The purpose of such a proviso is generally to create an exception or qualification to the preceding principal language of the statute (*McAlpine* v. *Baumgartner* (1937) 10 Cal.2d 409, 417 [74 P.2d 753]), and its effect depends upon the evaluation of the section as a whole. (*McPhail* v. *Nunes* (1918) 38 Cal.App. 557, 561 [177 P. 193].) We conclude that the term "provided," considered in light of the intent underlying section 44956, must be construed as qualifying the first part of the statute by establishing employment priority rights for terminated employees in all cases other than those described in the first part of the statute.

Finally, respondent argues that appellant's interpretation of section 44956 would prohibit the appointment of a junior administrator to a teaching position which a senior terminated employee is also capable of filling, in contravention of section 44897. An administrative employee, upon suc-

cessful completion of a probationary period, is granted status as "a permanent employee" entitled to serve as a "classroom teacher" by section 44897. Under that section, administrators whose positions have been discontinued have the right to appointment to a teaching position which they have the certification and competency to perform. (*McPhail* v. *Nunes, supra,* 38 Cal.App. 557, 561; also see *Barthuli* v. *Board of Trustees* (1977) 19 Cal.3d 717, 723 [139 Cal.Rptr. 627, 566 P.2d 261].) Given those rights, there is certainly no indication that section 44897 was intended to grant employment preference to an administrator concurrently classified as a classroom teacher in derogation of the rights of a terminated teacher with seniority. And in any event, we are not here presented with such a controversy. The present case concerns only the reappointment rights of a senior terminated teacher vis-à-vis a junior teacher certificated and competent to perform the same services for the district. In such a case, we conclude that section 44956 must be construed as conferring employment priority rights upon appellant as the senior employee, despite his terminated status.

Respondent also contends that appellant cannot compel his reappointment to the multisubject position by way of a writ of mandate. According to respondent, appellant can do no more than enjoin the appointment of Ms. Sparks to the position if such action is prohibited by section 44956. This contention is based upon the assertion that teachers with greater seniority than appellant are entitled to appointment to the multisubject assignment. The district neither cites authority in support of this argument, nor identifies any terminated employees senior to appellant who have applied for the position and are certificated and competent to fill it.

■ A writ of mandate will issue "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person." (Code Civ. Proc., § 1085.) As to appointment decisions under section 44956, the remedy of ordinary mandamus will lie to control an abuse of discretion by a school district. (*Martin* v. *Kentfield School Dist., supra,* 35 Cal.3d 294, 298.)

Once respondent chose to staff the multisubject position, section 44956 limited its discretion to evaluations of competency and certification. Respondent was obligated to appoint the most senior terminated employee found qualified for the position. According to the record, that individual was appellant. His qualifications are not disputed, and apparently no terminated employee senior to appellant applied for the position. Appellant is therefore entitled to appointment to the multisubject position, and respondent

has a concomitant duty to so appoint him. Transfer of a continuing junior employee to the position violated the proviso in section 44956, subdivision (a)(1).

Accordingly, the district's abuse of discretion may be redressed by issuance of the instant writ of mandate. We reverse the judgment and remand the case to the trial court for proceedings consistent with this opinion. Costs are awarded to appellant.

Racanelli, P. J., and Elkington, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 13, 1986.