OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

|  | : |  |
| --- | --- | --- |
| OPINION | : | No. 89-905 |
|  | : |  |
| of | : | January 10, 1990 |
|  | : |  |
| JOHN K. VAN DE KAMP | : |  |
| Attorney General | : |  |
|  | : |  |
| CLAYTON P. ROCHE | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

---

THE HONORABLE WILLIAM E. DAVIS, DIRECTOR, AD-
MINISTRATIVE OFFICE OF THE COURTS, has requested an opinion on the following
questions:

1. How many judicial positions are authorized for the Antelope Municipal
Court District?

2. How many judicial positions are authorized for the South Bay Municipal
Court District?

1

CONCLUSIONS

1. State law authorizes three judges for the Antelope Municipal Court District plus two additional judges when authorized by resolution of the Board of Supervisors adopted pursuant to section 72602.5 and section 72602.6 of the Government Code.

2. State law authorizes six judges for the South Bay Municipal Court District plus up to three additional judges when authorized by resolution of the Board of Supervisors adopted pursuant to section 72602.3 of the Government Code.

ANALYSIS

In this opinion we are asked to determine the number of judicial positions which are authorized for two of the municipal court districts in Los Angeles County. These two are the Antelope Municipal Court District and the South Bay Municipal Court District.

The question concerning the authorized number of judges for these two districts arises in the context of the Brown-Presley Trial Court Funding Act, Government Code section 77000 et seq., which became operative on September 16, 1988. (Stats. 1988, ch. 945.)[1] That Act generally provides that instead of a county financing its trial court system, including superior, municipal and justice courts, it may at its option elect to have its trial courts funded by the State. This is to further the general purposes of the act that "[a]ll citizens of the state should enjoy equal and ready access to the trial courts" and which seeks to do away with "disparities in the availability of the courts for the resolution of disputes and the dispensation of justice" which may result from the "local funding of trial courts." (See §§ 77100, 77101.)

A county which elects state funding for its trial courts is designated an "option county." (§ 77004.) The election is generally exercised for the ensuing fiscal year, although by mutual agreement with the State Board of Finance, the law permits a two-year option term. (§ 77300.) Option counties receive "block grants" from the state for the operation of their courts which are based upon the number of "reimbursable positions," in a county which are judges, court commissioners and referees. (See §§ 77001, 77200 et seq.) Accordingly, the amount of money an "option county" will receive from the state is dependent upon the number of judges and subordinate judicial officers the county has. Los Angeles County is an "option county."

The number of judicial and other positions municipal courts in Los Angeles

_____

[1]All section references are to the Government Code unless otherwise indicated.

The Brown-Presley Trial Court Funding Act replaced a somewhat similar act, that is, the Trial Court Funding Act of 1985. (See Stats. 1985, ch. 1607.)

County may have is governed by section 72600 et seq. Initially, section 72602 provides what may be designated as the base number of judges for the twenty-five municipal court districts in the county. This base number of judges is augmented as to some districts by additional statutory provisions, which are amended from time to time.

Thus, as germane to the two districts under consideration, section 72602 provides:

"Each of the Los Angeles County municipal courts established in judicial districts shall have the number of judges set out below opposite the name of the judicial district over which such court has jurisdiction.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"South Bay Municipal Court District . . . . . 5

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Antelope Municipal Court District . . . . . . 1

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Both districts then have additional statutory provisions which augment section 72602, and which antedate state funding of local trial courts. These are sections 72602.5 and 72602.6 with respect to the Antelope District and section 72602.3 with respect to the South Bay District, to be discussed at length herein. In 1987 these augmenting provisions were "conditionally amended" by chapter 1211, Statutes of 1987. This means that the 1987 amendments were to be operative only if and when Los Angeles County became an "option county," that is, elected to have its trial courts funded by the state.

Accordingly, in ascertaining the number of judges which are authorized for the Antelope and South Bay Districts, it will be necessary to construe the governing statutes as they have been "conditionally amended."

1.    The Antelope Municipal Court District

The answer to the question as to the number of judicial positions which are authorized for the Antelope Municipal Court District requires an analysis of the pertinent statutory provisions as they existed both 1) before the enactment of chapter 1211, Statutes of 1987, and 2) as they were conditionally amended by that statute.

In addition to section 72602, the basic provision which provides one judge for the Antelope District, the governing code provisions are sections 72602.5 and 72602.6.

Prior to 1987 section 72602.5 provided:

"(a) The Antelope Municipal Court District shall have one judge. Such district shall have one jury commissioner, who shall receive an annual salary of eight thousand four hundred dollars ($8,400). The jury commissioner shall exercise the powers of jury commissioners of superior courts, insofar as they are applicable to municipal courts.

"(b) On and after the date a vacancy occurs in the position of jury commissioner or January 29, 1980, whichever is earlier, the Antelope Municipal Court District shall have two judges and no jury commissioner." (As amended Stats. 1976, ch. 122, § 1.)

Additionally, prior to 1987 section 72602.6, subdivision (b),[2] provided:

"(b) In addition the number of judges prescribed by Section 72602.5, at any time as the Los Angeles County Board of Supervisors finds there are sufficient funds for one additional judge for the Antelope Municipal Court District and adopts a resolution to that effect, there shall be one additional judge for the Antelope Municipal Court District." (Added Stats. 1982, ch. 253, § 1.)

Section 72602.5, subdivision (a), duplicates the base number of judges (one) provided for in section 72602 for the Antelope District.[3]

Accordingly, prior to 1987 the Antelope Municipal Court District was authorized three judges, that is, two unconditionally in section 72602.5 plus "one additional judge" in section 72602.6 by Board resolution.

In 1987, chapter 1211, Statutes of 1987, section 26, conditionally amended section 72602.5 to read:

---

[2] Subdivision (a) of section 72602.6 provides for additional judges in the Glendale Municipal Court District.

[3] This is evident from the fact that when the Legislature intends that judges provided for in augmenting provisions shall be in addition to those provided for in section 72602, it so specifies. For example, in section 72602.3, augmenting the base number of judges provided for in the South Bay District (discussed *post*), the section begins with the words "[i]n addition to the number of judges prescribed by section 72602." This same introductory language is found in sections 72602.1, 72602.2, 72602.4, 72602.6, 72602.12, 72602.13 and 72602.14 with respect to other municipal court districts in Los Angeles County. (See also, § 72602.15, using the equivalent "[n]otwithstanding the provisions of section 72602.")

"(a) In addition to the number of judges specified in Section 72602, there are two judges for the Antelope Municipal Court District. However, at such time as the Los Angeles County Board of Supervisors finds there are sufficient funds for an additional judge for the Antelope Municipal Court District and adopts a resolution or resolutions to that effect, there shall be an additional judge for the Antelope Municipal Court District."

The 1987 version of section 72602.5 now follows the general legislative pattern and refers to the base provision section 72602 (one judge) first, and then provides in the same sentence that "in addition . . . there are two judges", adding up to the original three judges previously authorized. (See note 3, *supra.)* In the next sentence the section authorizes "an additional judge" upon the proper findings and resolution. Thus, section 72602.5 as conditionally amended authorizes *four* judges for the Antelope Municipal Court District upon Los Angeles becoming an "option county" under the Brown-Presley Trial Court Funding Act, three unconditionally and one by Board resolution.

Significantly, in enacting chapter 1211, Statutes of 1987 the Legislature conditionally amended section 72602.5, it took no action at that time or to date with respect to section 72602.6, *supra.* Accordingly, the number of authorized judicial positions in the Antelope Municipal Court District depends upon the effect to be given to section 72602.6.

Returning to section 72602.5, we see that section as conditionally amended in 1967, when read alone appears to cover the field as to the number of judges authorized for the Antelope Municipal Court District. It cites the base section, section 72602, prescribes a number of judges in addition to the base number, and then provides conditionally for an additional judge. The statutory scheme appears to be complete. Accordingly, it might be urged that the Legislature, in enacting Statutes of 1987, Chapter 1211, overlooked the necessity of not only conditionally amending section 72602.5, but also of repealing section 72602.6; that therefore, section 72602.6 should be considered to have been impliedly repealed when Los Angeles County opted to avail itself of state funding for its trial courts.

However, "[r]epeals by implication are not favored, and are recognized only when there is no rational basis for harmonizing two potentially conflicting laws." (*Fuentes v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7.) ' "[T]here is a presumption against repeals by implication; they will occur only where two acts are so inconsistent that there is no possibility of concurrent operation, or where the later provision gives undebatable evidence of an intent to supersede the earlier; the courts are bound to maintain the integrity of both statutes if they may stand together . . .' " (*Spencer v. G.A. MacDonald Constr. Co.* (1976) 63 Cal.App.3d 836, 851, citation's omitted.)

While the revision of section 72602.5 in 1987 might suggest that the legislative provision for authorizing judges for the Antelope Judicial District is complete with sections 72602 and 72602.5, the Legislature left section 72602.6 on the books making further

provision for the judges of that court. There is nothing in the wording of section 72602.6 which conflicts with that of section 72602.5. Each must be given effect according to its terms. We conclude that they authorize three judges unconditionally and two additional judges conditioned upon Board resolutions adopted pursuant to sections 72602.5 and 72602.6.

2. The South Bay Municipal Court

The South Bay Municipal Court District presents a completely different problem concerning the authorized number of judges. As already noted, the base provision, section 72602, provides that the South Bay District shall have five judges unconditionally.

As to augmenting provisions, section 72602.3 provided prior to the enactment of chapter 1211, Statutes of 1987 as follows:

"In addition to the number of judges prescribed by Section 72602, there shall be one additional judge for the South Bay Municipal Court District; provided, that at such time as the Los Angeles County Board of Supervisors finds there are sufficient funds for two additional judges for the South Bay Municipal Court District and adopts a resolution to that effect, there shall be two additional judges for the South Bay Municipal Court District." (As amended Stats. 1984, ch. 1311.)

Accordingly, prior to 1987 the South Bay District was entitled to five judges unconditionally pursuant to section 72602, plus an "additional [unconditional] judge," plus "two additional judges" upon the required findings and Board resolution. Whether this pre-1987 law entitled the court to seven or eight judges is not clear. The answer to that question depends upon the proper interpretation of the proviso clause. Did the proviso clause replace the main clause with respect to the number of additional judges, as would be the usual case with a proviso,[4] or is the proviso independent of the main clause such that the number of additional judges provided therein would be cumulative to the one already prescribed in the main clause? Stated otherwise, was the maximum number of authorized judges five (§ 72602) plus two judges or five plus three judges?

As conditionally amended in 1987 by Chapter 1211, Statutes of 1987, section 72602.3 presents a similar interpretation problem. The conditionally amended version provides:

"In addition to the number of judges prescribed by Section 72602, there

_____

[4]See generally, *McAlpine v. Baumgartner* (1937) 10 Cal.2d 409, 417-418; *Livermore v. Waite* (1894) 102 Cal. 113, 121; but see *McPhail* v. *Nunes* (1918) 38 Cal.App. 557, 561-562.

shall be one additional judge for the South Bay Municipal Court District. However, at such time as the Los Angeles County Board of Supervisors finds there are sufficient funds for *up to three* additional judges for the South Bay Municipal Court District and adopts a resolution to that effect, there shall be *up to three* additional judges for the South Bay Municipal Court District." (Emphasis added.)

A second sentence is now used instead of a proviso clause for the conditionally authorized "additional judges." It might be argued that the word "however" was intended as the equivalent of "provided that" as used in the prior version of the statute. Again the issue would be the same as with the prior version. Is the second sentence intended as a replacement for the additional judges found in the first sentence, or is it to be considered cumulative to the one additional judge found in the first sentence. Stated otherwise, is the maximum number of authorized judges five (see. 72602) plus up to three additional judges or up to four additional judges?

On the other hand, the word "however" is not a synonym for "provided that". Thus the change in language in 1987 from "provided that" to an independent second sentence commencing with the word "however" could have real significance. It could indicate a legislative intent to clarify the law to indicate that the second sentence was to be completely independent of the first sentence, thus making the "up to three additional judges" cumulative to those already allowed unconditionally (six), thus making a total of nine judges allowable with the proper Board resolution.

In our view this was the case. We so conclude based upon the Legislative Counsel's Digest *to the pre-1987 version* of section 72602.3, which was ambiguous as to whether a maximum of seven judges or eight judges was intended. The Legislative Counsel's Digest to Senate Bill 365 which, when enacted, became Chapter 1311, Statutes of 1984, stated:

"(7) Under existing law, there are 6 judicial positions for the South Bay Municipal Court District in Los Angeles County, 5 positions established by statute, and a 6th position created pursuant to a resolution adopted by the Los Angeles County Board of Supervisors as authorized by statute.

"This bill would provide that there shall be 6 judges for the South Bay Municipal Court District in Los Angeles County; provided, that at such time as the Los Angeles County Board of Supervisors adopts a specified resolution, there shall be 2 additional judges for the South Bay Municipal Court District."

Accordingly, the Legislative Counsel's Digest stated that in 1984 there were

6 existing judgeships in the South Bay Municipal Court District[5] and the intent of Senate Bill 365 was to authorize 2 additional judges, or a total of eight judges. "It is reasonable to presume that the Legislature amended . . . [the] section[s] with the intent and meaning expressed in the Legislative Counsel's digest." (*People v. Superior Court* (Douglass) (1979) 24 Cal.3d 428, 434, citing *Maben v. Superior Court* (1967) 225 Cal.App.2d 708, 713.)

Given the obvious ambiguity in section 72602.3 as amended in 1984 and as conditionally amended in 1987, we construe the 1984 amendment in accordance with the Legislative Counsel's Digest, that is, that the "proviso" clause was intended as independent of and not as a substitute for the main clause. Thus the section authorized six judges unconditionally, and two conditionally for a total of eight judges. This being the case, the 1987 conditional amendment is to be construed as authorizing one more judge, that is, six judges unconditionally and "up to three additional" judges based upon Board resolution, for a total of nine judges. Otherwise, the 1987 "conditional amendment" would have constituted an idle act on the part of the Legislature.

Thus, in sum, we conclude that state law authorizes six judges for the South Bay Municipal Court District plus up to three additional judges authorized by resolution of the Board of Supervisors pursuant to section "72602.3.[6]

―――――

[5]Prior to the 1984 amendment, section 72602.3, which was added by chapter 1018. Statutes of 1979, read:

"In addition to the number of judges prescribed by Section 72602, at such time as the Los Angeles County Board of Supervisors finds there are sufficient funds for one additional judge for the South Bay Municipal Court District and adopts a resolution to that effect, there shall be one additional judge for the South Bay Municipal Court District."

Accordingly, in 1979 section 72602.3 authorized 5 unconditional judges (§ 72602) and one additional judge by Board resolution. Between 1979 and 1984, such additional judge was authorized, bringing the total in 1984 to six judges.

[6]Interestingly, this conclusion accords with the Legislative Counsel's Digest to Senate Bill 472, 1988-1989 Legislative Session, which was not enacted, but which would have amended section 72602.3, to increase the number of judges in the South Bay District and which stated that "[e]xisting law provides for . . . 9 judges for the South Bay Municipal Court District . . .."